Argued and submitted October 30, 1991, affirmed October 14, 1992, appellant's petition for reconsideration allowed by opinion February 3, 1993
See 118 Or App 1 (1993)

## STATE OF OREGON,
*Respondent,*

*v.*

## DENNIS DAL MAHONEY,
*Appellant.*

(C89-11-36711; CA A65260)

838 P2d 1100

Barry L. Adamson, Lake Oswego, argued the cause for appellant. With him on the brief were Roger Hennagin and Hennagin & Shonkwiler, Lake Oswego.

Virginia L. Linder, Solicitor General, Salem, waived appearance for respondent.

David Paul and Merten & Associates, Portland, filed a brief *amicus curiae* for Lorraine Robertson.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

RICHARDSON, P. J.

Joseph, C. J., dissenting.

## RICHARDSON, P. J.

■   Defendant pled no contest to one count of sexual abuse in the second degree, ORS 163.425, under an indictment charging four counts of sexual abuse in the second degree and one count of public indecency. ORS 163.465. He was placed on five years' probation, subject to 11 special conditions. He challenges three of those conditions. Two of the challenged conditions, 10 and 11, have become moot.[1] We address only his claim of error regarding probation condition 3:

> "Defendant is to pay the victim * * * attorney fees in the amount of $10,414.79."

■   Defendant was the victim's supervisor at her place of employment. The criminal charges arose from the employment relationship. In 1986, the victim consulted an attorney about defendant's sexual harassment, and the attorney advised her about avenues that she could pursue. In 1989, when the sexual harassment had not stopped, her attorney began investigating and collecting information to present to the police to induce a criminal complaint against defendant. The attorney entered into discussions with the employer about the harassment. He also advised and counselled the victim as she proceeded through the criminal complaint process and until defendant entered his plea in February, 1990.

The victim was billed an hourly fee by the lawyer for services rendered to her until defendant entered his plea. After the plea of no contest, the victim decided to file a civil action and signed a contingency fee agreement with her attorney to prosecute that action. The services reflected in her request for restitution were all rendered before the no contest plea.

---

[1] Condition 10 is:

> "Defendant is to be restrained from obligating or transferring his assets, property, interests in real estate, cash, rights to pension and retirement funds and personal property without prior approval of probation officer pending resolution of civil suit by victim."

Condition 11 is:

> "Defendant is to pay any civil judgment found in [the victim's civil action]."

The parties settled the civil action after the appeal was filed and defendant has paid the amount of the settlement.

Defendant argues:

"A crime victim's attorney fees that have been incurred solely in contemplation of related civil litigation are not 'special damages' that can be imposed as restitution under ORS 137.103(2)."

Essentially, his argument is that the requested fees were accrued to prosecute the civil action and that fees sought in the same action in which they are incurred are not considered "special damages."

Restitution, for the purposes of ORS 137.106, is defined in ORS 137.103(2) to be "special damages, * * * which a person could recover against the defendant in a civil action arising out of * * * the defendant's criminal activities." There is little question but that the attorney fees were incurred because of defendant's criminal activities. The trial court so found, and defendant does not contest that finding. However, in order for the fees to be ordered as restitution, they must be special damages.

Defendant cites *State v. O'Brien*, 96 Or App 498, 774 P2d 1109, *rev den* 308 Or 466 (1989), as dispositive. We said:

"The crucial question in deciding whether attorney fees may be recovered as restitution is whether they are 'special damages' * * *. Attorney fees are not considered damages when sought in the same action in which the services are rendered. However, they may be damages when sought in a separate action." 96 Or App at 505.

Defendant argues that, as in *O'Brien*, the victim here is seeking restitution for attorney fees and expenses incurred in pursuing a civil claim against him.

Defendant did not contest the victim's statements or the affidavit of her attorney about the fees. The evidence was to the effect that she sought legal advice to help her deal with defendant and her employer and to work toward an indictment and criminal prosecution. Certainly, a crime victim is entitled to do that. *See State v. Lindsly*, 106 Or App 459, 808 P2d 727 (1991). In a civil tort action against defendant, the victim would be entitled to seek as damages attorney fees expended to help her work through a criminal prosecution so that the sexual harassment could be stopped. The criminal

process was a different action than the civil complaint that she filed.

Affirmed.

**JOSEPH, C. J.,** dissenting.

The majority's attempt to distinguish *State v. O'Brien*, 96 Or App 498, 774 P2d 1109, *rev den* 308 Or 466 (1989), is wholly unpersuasive. That is hardly surprising, because there is no rational way to make a distinction.

I dissent.