On appellant's petition for reconsideration, filed November 18, 1992, reconsideration allowed and opinion (115 Or App 440, 838 P2d 1100) modified and adhered to as modified; remanded with instructions; otherwise affirmed February 3, petition for review denied April 20, 1993 (316 Or 142)

## STATE OF OREGON,
*Respondent,*

*v.*

## DENNIS DAL MAHONEY,
*Appellant.*

(C89-11-36711; CA A65260)

846 P2d 413

Barry L. Adamson, Lake Oswego, for petition.

Before Richardson, Chief Judge, and Deits and Riggs,* Judges.

RICHARDSON, C. J.

---

* Riggs, J., *vice* Joseph, C. J., retired.

**RICHARDSON, C. J.**

Defendant petitions for review of our opinion. 115 Or App 440, 838 P2d 1100 (1992). We treat it as a petition for reconsideration, ORAP 9.15(1), allow it, and modify our opinion.

In our opinion, we said that two of the challenged conditions of probation, numbers 10 and 11, relating to payment of any judgment awarded to the victim in a civil action against defendant, were moot because the parties had settled the civil action and defendant had paid the amount of the settlement.

In his petition, defendant contends that the information about the settlement of the civil action was not part of the record and could not be a basis for the decision about mootness. The victim, as *amicus curiae*, had moved to supplement the record with a copy of the settlement agreement, but we denied the motion. *Amicus*, however, included a copy of the agreement in her brief, and argued that the validity of probation conditions 10 and 11 was moot. We *sua sponte* reconsider the denial of the motion to supplement the record and allow it.

Defendant argues that, even if we consider the settlement agreement, it does not moot his arguments about probation conditions 10 and 11. We need not decide that. The two conditions were imposed at the request of the victim and for her benefit. She says, in the *amicus* brief, that the two conditions are no longer necessary, because of the settlement agreement. If the victim is satisfied that probation conditions 10 and 11 are no longer necessary, then no reason exists for them to remain as conditions of probation. We remand with instructions to delete probation conditions 10 and 11.

Reconsideration allowed; opinion modified and adhered to as modified; remanded with instructions to delete probation conditions 10 and 11; otherwise affirmed.