Argued and submitted July 11, vacated and remanded for resentencing in part; otherwise affirmed October 5, 1994

## STATE OF OREGON,
*Respondent,*

*v.*

## JAMES HENRY FORRESTER,
*Appellant.*

(91-02-47CR, 91-05-144CR, 91-05-145CR; CA A76980 (Control), A76981, A76982)

882 P2d 1124

Frank E. Stoller argued the cause and filed the brief for appellant.

Rolf C. Moan, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R.

Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

HASELTON, J.

## HASELTON, J.

Defendant appeals from his convictions and related sentences for carrying a dangerous weapon with intent to use, ORS 166.210, conspiracy to commit assault in the second degree, ORS 161.450 and ORS 163.175, and manslaughter in the second degree, ORS 163.125, including the court's imposition of a $20,000 compensatory fine to be paid to the victim's estate. ORS 137.101. We reject, without discussion, defendant's assignments of error pertaining to the legality of the search of his home and the trial court's failure to merge his conspiracy and manslaughter convictions and sentences. However, because this record is insufficient to support the imposition of the compensatory fine, we vacate that aspect of defendant's manslaughter sentence.

ORS 137.101(1) reads, in part:

"Whenever the court imposes a fine as penalty for the commission of a crime resulting in the injury for which the person injured by the act constituting the crime has a remedy by civil action * * *, the court may order that the defendant pay any portion of the fine separately to the clerk of the court as compensatory fines in the case. The clerk shall pay over to the injured victim or victims, as directed in the court's order, moneys paid to the court as compensatory fines under this subsection. This section shall be liberally construed in favor of victims."

Thus, upon imposing a fine as a penalty pursuant to ORS 161.625(1),[1] a court may order that "any portion" of that fine be paid over to any "victim" of the crime. *State v. Barkley*, 315 Or 420, 432-38, 846 P2d 390 (1993); *State v. Lovelace*, 94 Or App 586, 591-92, 767 P2d 80, *rev den* 307 Or 571 (1989).

In this case, the court ordered defendant to pay a compensatory fine of $20,000 to the deceased victim's estate, with that amount payable at the rate of $250 per month

---

[1] ORS 161.625 reads, in part:

"(1) A sentence to pay a fine for a felony shall be a sentence to pay an amount, fixed by the court, not exceeding:

"* * * * *

"(b) $200,000 for a Class B felony."

Manslaughter in the second degree is a Class B felony. ORS 163.125(2). *Accord* ORS 161.645 (defining standards for imposing fines).

beginning 120 days after defendant's release.[2] Defendant asserts that the imposition of the fine was erroneous, both because decedent's estate was not a "victim" within the meaning of ORS 137.101(1) and because the state failed to prove that either the victim's estate or the beneficiaries of that estate suffered pecuniary damages as a result of the crime. We do not address defendant's first argument because, in any event, the second argument requires that the compensatory fine be vacated.

ORS 137.101(1) incorporates, by reference, the definition of "victim" in the restitution statute, ORS 137.103(4). *State v. Barkley, supra,* 315 Or at 433-37. ORS 137.103(4) defines "victim" as

"any person whom the court determines has suffered *pecuniary damages* as a result of the defendant's criminal activities [except for a co-participant in such activities]." (Emphasis supplied.)

ORS 137.103(2), in turn, defines "pecuniary damages" as

"all special damages, but not general damages, which a person could recover against the defendant in a civil action arising out of the facts or events constituting the defendant's criminal activities and shall include, but not be limited to, the money equivalent of property taken, destroyed, broken or otherwise harmed, and losses such as medical expenses and costs of psychological treatment or counseling."

Here, the only evidence of pecuniary damages the state invokes is the fact that the deceased victim was employed at a lumber mill at the time of his death. There was no evidence of decedent's actual or projected earnings, or of his actual or projected expenses. Thus, the evidence was insufficient to prove pecuniary loss to the victim's estate that could be recovered against defendant in a civil action for wrongful death. ORS 30.020(2)(c).[3] *See Arrow Trans. v. Northwest Grocery,* 258 Or 363, 371-72, 482 P2d 519 (1971).

---

[2] Our review of the record indicates that the trial court did not impose a predicate penal fine under ORS 161.625(1)(b). Defendant does not, however, argue that the compensatory fine was invalid for that reason. *Compare State v. Barkley,* 108 Or App 756, 761, 817 P2d 1328 (1991), *aff'd in part and rev'd in part on other grounds* 315 Or 420, 846 P2d 390 (1993).

[3] ORS 30.020 provides, in part:

"(2) In an action under this [wrongful death] section damages may be awarded in an amount which:

"* * * * *

"(c) Justly, fairly and reasonably compensates for pecuniary loss to the decedent's estate[.]"

■ The evidence is similarly insufficient to prove pecuniary damages to the victim's surviving beneficiaries. ORS 30.020(2)(d).[4] Although decedent's mother, adult sons and adult daughter testified at the sentencing hearing, none of the family members claimed that he or she received support from the deceased victim or identified compensable services decedent rendered.[5] See Durkoop v. Mishler, 233 Or 243, 250, 378 P2d 267 (1963). Accordingly, the compensatory fine must be vacated.[6]

Compensatory fine on conviction for manslaughter in the second decree vacated and remanded for resentencing; otherwise affirmed.

---

[4] ORS 30.020(2)(d) provides for wrongful death damages in an amount which

"[j]ustly, fairly and reasonably compensates the decedent's spouse, children, stepchildren, stepparents and parents for pecuniary loss and for loss of the society, companionship and services of the decedent[.]"

[5] Members of the victim's family submitted proof of their own wage loss, travel and lodging costs, and associated expenses. However, like the court in State v. Barkley, supra, 315 Or at 438, we are unaware of any theory of liability under which the family members could recover such wage loss or expenses as damages, and the state has suggested none. Accordingly, those items are not "pecuniary damages" within the meaning of ORS 137.103(2).

[6] Because we hold that the state failed to prove the fact of pecuniary damage, we do not reach defendant's alternative contention that the state's proof of the amount of pecuniary damages was insufficient as a matter of law.