Argued and submitted June 8, 2010, compensatory fine vacated and remanded for new dispositional judgment; otherwise affirmed January 25, 2012

In the Matter of
S. J. P., a Youth.

STATE ex rel JUVENILE DEPARTMENT
OF DOUGLAS COUNTY,
*Respondent,*

*v.*

S. J. P.,
*Appellant.*

Douglas County Circuit Court
0800249;
Petition Number 08JU332;
A141133

271 P3d 124

Rebecca Carter filed the brief for appellant.

Judy C. Lucas, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Duncan, Judge.

DUNCAN, J.

**DUNCAN, J.**

This is a juvenile delinquency case in which youth appeals the juvenile court's judgment that, *inter alia*, requires him to pay a compensatory fine. Because the state failed to establish that the compensatory fine was for economic damages—that is, damages that could be recovered in a civil action—we vacate the compensatory fine and remand for a new disposition.

The relevant facts are as follows. The state filed a petition alleging that youth was within the jurisdiction of the juvenile court for an act that, if committed by an adult, would constitute assault in the fourth degree. ORS 163.160. The alleged victim of the assault was youth's step-sister, BG. Sometime after the assault, but before the delinquency hearing, BG moved from Oregon to North Carolina. Although the state did not serve BG with a subpoena, BG bought an airline ticket and flew to Oregon to testify against youth. At the conclusion of the hearing, the juvenile court found youth to be within its jurisdiction based on the assault. As part of its jurisdictional judgment, the juvenile court ordered youth to pay a compensatory fine to BG for the airfare expenses she incurred to testify at the hearing.

On appeal, youth argues that the juvenile court's imposition of the compensatory fine was error because a court can impose a compensatory fine only for losses that a victim could recover from a youth offender in a civil action, and BG could not recover the airfare expenses in a civil action against him. We review a court's imposition of a compensatory fine for errors of law. *See State v. Neese*, 229 Or App 182, 184, 210 P3d 333 (2009), *rev den*, 347 Or 718 (2010) ("Whether a trial court erred in imposing a compensatory fine is a question of law.").

A juvenile court may impose a fine on a youth in a delinquency proceeding under the same circumstances as a court may impose a fine on a criminal defendant. ORS 419C.459 (2009).[1] A court may impose a compensatory fine

---

[1] ORS 419C.459 (2009) provides:

"In circumstances under which, if the youth offender were an adult, a fine not exceeding a certain amount could be imposed under the Oregon Criminal

on a criminal defendant pursuant to ORS 137.101(1), which provides:

> "Whenever the court imposes a fine as penalty for the commission of a crime resulting in injury for which the person injured by the act constituting the crime has a remedy by civil action, unless the issue of punitive damages has been previously decided on a civil case arising out of the same act and transaction, the court may order that the defendant pay any portion of the fine separately to the clerk of the court as compensatory fines in the case. The clerk shall pay over to the injured victim or victims, as directed in the court's order, moneys paid to the court as compensatory fines under this subsection. This section shall be liberally construed in favor of victims."

As evident from the text of ORS 137.101(1), a compensatory fine is payable to a "victim." For the purposes of ORS 137.101(1), "victim" is defined by ORS 137.103(4), which provides:

> " 'Victim' means:

> "(a)  The person against whom the defendant committed the criminal offense, if the court determines that the person has suffered economic damages as a result of the offense.

> "(b)  Any person not described in paragraph (a) of this subsection whom the court determines has suffered economic damages as a result of the defendant's criminal activities.

> "(c)  The Criminal Injuries Compensation Account, if it has expended moneys on behalf of a victim described in paragraph (a) of this subsection.

---

Code, the court may impose such a fine upon the youth offender. In determining whether to impose a fine and, if so, then in what amount, the court shall consider whether the youth offender will be able to pay a fine and whether payment of a fine is likely to have a rehabilitative effect on the youth offender. Fines ordered paid under this section shall be collected by the clerk of the court."

ORS 419C.459 was amended in 2011. Or Laws 2011, ch 597, § 21. Those amendments apply to acts committed on or after January 1, 2012. Or Laws 2011, ch 597, § 22. Because the act in this case was committed before that date, we apply the 2009 version of ORS 419C.459.

"(d)   An insurance carrier, if it has expended moneys on behalf of a victim described in paragraph (a) of this subsection."

Therefore, to receive a compensatory fine, one must have suffered "economic damages" or expended money on behalf of a person who has suffered "economic damages." "Economic damages," in turn, are defined by ORS 137.103(2), which, with some exceptions not relevant here, incorporates the definition provided by ORS 31.710(2)(a):

" 'Economic damages' means objectively verifiable monetary losses including but not limited to reasonable charges necessarily incurred for medical, hospital, nursing and rehabilitative services and other health care services, burial and memorial expenses, loss of income and past and future impairment of earning capacity, reasonable and necessary expenses incurred for substitute domestic services, recurring loss to an estate, damage to reputation that is economically verifiable, reasonable and necessarily incurred costs due to loss of use of property and reasonable costs incurred for repair or for replacement of damaged property, whichever is less."

"In light of those statutes, we have held that the prerequisites for imposition of a compensatory fine are: (1) criminal activities, (2) economic damages, and (3) a causal relationship between the two." *State v. Haines*, 238 Or App 431, 436, 242 P3d 705 (2010) (citing *State v. Donahue*, 165 Or App 143, 146, 995 P2d 1202 (2000)). The issue in this case is whether the state, which bears the burden of proving the prerequisites for imposition of a compensatory fine, proved that BG suffered economic damages.

"Economic damages" are damages for which a person has "a remedy by civil action." *See, e.g., State v. Barkley*, 315 Or 420, 438, 846 P2d 390, *cert den*, 510 US 837 (1993); *see also State v. Dillon*, 292 Or 172, 182, 637 P2d 602 (1981) (the term "pecuniary damages" (now "economic damages") encompasses two requirements; the damages "must be special, not general, and they must be damages which could be recovered against the defendant in a civil action arising out of the facts or events constituting defendant's criminal activities").

Thus, proof that a person has suffered economic damages as a result of a crime requires more than evidence of a "but for" connection between an objectively verifiable monetary loss and the crime; it requires evidence that the loss could be recovered "against the defendant in a civil action." *Barkley*, 315 Or at 438. In *Barkley*, the defendant was convicted of crimes against a child, and the trial court ordered the defendant to pay a compensatory fine to the child's mother for the wages she lost while accompanying the child to court. On review, the Supreme Court held that, although the mother would not have lost the wages but for the defendant's crimes, the lost wages could not be the basis for a compensatory fine because "under the facts that the record discloses, we are aware of no theory of civil liability under which the child's mother could recover her lost wages from defendant." *Id.* Similarly, in *State v. Forrester*, 130 Or App 459, 882 P2d 1124 (1994), a manslaughter case, we held that the trial court erred in ordering the defendant to pay a compensatory fine to the victim's estate because there was insufficient evidence to establish that the estate or the victim's surviving beneficiaries had suffered any losses that could be recovered against the defendant in a civil action for wrongful death. *Id.* at 462-63. We noted that the victim's family members had submitted proof of their own lost wages, travel and lodging costs, and associated expenses, but we held that the state had failed to establish that those losses, costs, and expenses could be the basis for a compensatory fine, explaining that "we are unaware of any theory of liability under which the family members could recover such wage loss or expenses as damages, and the state has suggested none." *Id.* at 463 n 5.

In its brief in this case, the state argues that BG's airfare expenses qualify as economic damages because BG could recover them in a civil action against youth. The state theorizes that the airfare expenses would be recoverable under ORCP 68 B, which entitles the prevailing party in an action to an award of the costs and disbursements the party incurred in litigating the action. ORCP 68 B provides that, except in certain circumstances, "costs and disbursements shall be allowed to the prevailing party." ORCP 68 A(2) defines "costs and disbursements" as "reasonable and necessary expenses incurred in the prosecution or defense of an

action other than for legal services[.]" Relying on those rules, the state asserts that, if BG brought a civil action against youth, she could recover her airfare expenses as a "reasonable and necessary expense[ ] incurred in the prosecution * * * of an action[.]" (Internal quotation marks omitted.)

The state's argument is flawed; it confuses costs with damages. Even assuming, as the state apparently does, that BG's airfare expenses were incurred in connection with (and therefore recoverable in) a future civil action against youth, the airfare expenses would not constitute damages in such an action. Costs are not considered damages when sought in the same action in which they are incurred. *See, e.g., State v. O'Brien*, 96 Or App 498, 505, 774 P2d 1109, *rev den*, 308 Or 466 (1989) (so holding with respect to attorney fees). Therefore, the state's argument that BG's airfare expenses are economic damages because they could be the subject of a cost award pursuant to ORCP 68 B is unavailing.

At oral argument, the state argued that BG could recover the airfare expenses not only as costs under ORCP 68 B, but as damages, properly understood. In its post-argument memorandum of additional authorities in support of that argument, the state cites *State v. Mahoney*, 115 Or App 440, 443, 838 P2d 1100 (1992), *modified on recons*, 118 Or App 1, 846 P2d 413, *rev den*, 316 Or 142 (1993). In *Mahoney*, the defendant sexually harassed the victim, who he supervised at work, over a period of years. The victim retained a lawyer to help end the harassment by gathering information and presenting it to the police in order to cause criminal charges to be brought against the defendant. Charges were brought, the defendant was convicted of sexual abuse in the second degree, and the trial court ordered the defendant to pay restitution—which, like a compensatory fine, is predicated on a victim's economic damages—to the victim for the attorney fees she incurred to stop the harassment. On appeal, we affirmed the trial court's imposition of restitution, on the ground that, in a civil tort action against the defendant, the victim would be entitled to seek damages for the expenses she incurred to stop the ongoing tort. *Mahoney*, 115 Or App at 443.

*Mahoney* does not assist the state in this case, which does not involve expenses incurred to stop an ongoing tort. BG did not incur the airfare expenses to stop or mitigate the damages of an ongoing tort. Indeed, there is no evidence that BG was required to incur the expenses at all. *See State v. Steckler*, 236 Or App 524, 529, 237 P3d 882 (2010) (reversing award of restitution where the state failed to prove that expenses incurred in response to the defendant's crimes were "required"). As noted, the state did not serve BG with a subpoena to testify at the delinquency hearing.

In sum, the state has not established that the airfare expenses BG voluntarily incurred to testify against youth are economic damages. It has not identified, and we are not aware of, any theory of civil liability under which BG could recover the expenses from youth.

Compensatory fine vacated and remanded for new dispositional judgment; otherwise affirmed.