Submitted March 22, affirmed August 15, petition for review denied November 21, 2012 (352 Or 666)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

AARON EVAN CHOAT,
*Defendant-Appellant.*

Deschutes County Circuit Court
07FE0809MS; A144445

284 P3d 578

Peter Gartlan, Chief Defender, and Stephanie J. Hortsch, Deputy Public Defender, filed the brief for appellant. Aaron Evan Choat filed the supplemental brief *pro se.*

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Cecil A. Reniche-Smith, Assistant Attorney General, filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

SCHUMAN, P. J.

## SCHUMAN, P. J.

Defendant was the driver of a car involved in an accident in which two of his passengers died and another was injured. A jury found him guilty of two counts of second-degree manslaughter, three counts of recklessly endangering another person, and one count each of assault, reckless driving, and driving under the influence of intoxicants. The court sentenced him to 156 months' imprisonment with 72 months of post-prison supervision and imposed a compensatory fine of $1,590.02. On appeal, he challenges only the court's imposition of the fine, which was designated to repay a witness—the sister of one of the fatalities—for her airfare and hotel expenses incurred in order to attend the trial. The state, in response, does not contend that the fine was lawful; rather, it argues that defendant did not adequately preserve his claim of error because, at trial, he objected to imposition of restitution and not to imposition of a compensatory fine.[1] We affirm.

The statutes that govern restitution differ from those that govern compensatory fines. Restitution derives from ORS 137.103 through 137.109. Its purpose is "to make the victim whole" by requiring the convicted defendant to pay the victim an amount equal to the economic harm caused by the defendant's crime. *State v. Langan*, 54 Or App 202, 208 n 12, 634 P2d 794 (1981), *rev'd in part on other grounds*, 293 Or 654, 652 P2d 800 (1982). For purposes of restitution, "economic damages" "has the meaning given that term in ORS 31.710, except that 'economic damages' does not include future impairment of earning capacity[.]" ORS 137.103(2)(a). The definition of "economic damages" in ORS 31.710(2)(a), in turn, provides,

"'Economic damages' means objectively verifiable monetary losses including but not limited to reasonable charges necessarily incurred for medical, hospital, nursing and rehabilitative services and other health care services, burial and memorial expenses, loss of income and past

[1] Defendant also assigns error to the court's failure to instruct the jury that a unanimous verdict was required and its imposition of a judgment based on a nonunamious verdict. We have rejected that argument in the past, *State v. Cobb*, 224 Or App 594, 596-97, 198 P3d 978 (2008), *rev den*, 346 Or 364 (2009), and we do so again. Defendant, in a *pro se* brief, raises additional assignments of error, which we also reject without further discussion.

and future impairment of earning capacity, reasonable and necessary expenses incurred for substitute domestic services, recurring loss to an estate, damage to reputation that is economically verifiable, reasonable and necessarily incurred costs due to loss of use of property and reasonable costs incurred for repair or for replacement of damaged property, whichever is less."

It is undisputed (and undisputable) that the witness's airfare and hotel expenses are not "economic damages" under ORS 31.710(2)(a) and therefore cannot lawfully be imposed as restitution.

"Compensatory fines" derive from ORS 137.101(1):

"Whenever the court imposes a fine as penalty for the commission of a crime resulting in injury for which the person injured by the act constituting the crime has a remedy by civil action * * * the court may order that the defendant pay any portion of the fine separately * * * as compensatory fines in the case."

This court has held that costs associated with an injured person's family attending trial are not recoverable by civil action. *State v. Forrester*, 130 Or App 459, 463 n 5, 882 P2d 1124 (1994). The state has not attempted to distinguish *Forrester*, nor has it suggested any "civil action" under which defendant would be liable to the witness for her travel expenses. Instead, the state contends that defendant's claim of error on appeal was not preserved; he objected at trial to an award of *restitution* to the deceased victim's sister, on the ground that her travel costs are not "economic damages," whereas he argues on appeal that the award is not justified as *compensation* because the deceased victim's sister could not recover her expenses in a civil action.

The relevant facts are procedural and undisputed. Before sentencing, the prosecution timely submitted a "restitution worksheet," or "evidence of the nature and amount of the damages." ORS 137.106(1). It listed four items, including $50,334.08 to Allstate Insurance and $1,590.02 to the sister of one of the deceased victims. At trial, the court asked counsel about the $1,590.02. The following discussion ensued:

"[PROSECUTOR]: And, Your Honor, she is, as the Court knows, is [the deceased victim's] sister. She traveled

here from Hawaii and stayed. The DA's office only paid for her hotel for two days. So the money—the $1,590.02 is for her airline ticket and hotel for the remainder of the trial.

"[DEFENSE COUNSEL]: Your Honor, I do object to those expenses. Those are normal costs of prosecution. If the State is going to proceed with charges, they by necessity have to call witnesses."

No further discussion of restitution took place at that time. The subject of a compensatory fine did not arise. The judge then took a 15-minute recess, and when the proceedings recommenced, he pronounced defendant's sentence. After imposing prison terms, he continued,

"[THE COURT]: I am not going to order restitution to Allstate Insurance because it is my belief after listening to the testimony that [defendant] was driving with the permission of the licensed driver. And I am not going to order restitution to Allstate.

"I also have some figures requested for restitution. On the $500 deductible to [the insurance policyholder], that will be restitution. Compensatory fine to [the sister of the deceased victim] for $1,590.02. And a compensatory fine to [another person] of $1,299.25.

"I appreciate the State's concern, but I didn't order restitution to Allstate.

"That will come out of the posted security, the balance will be returned to the person who posted it. The administrative fee will be imposed. It is only 15 percent, not to exceed—I will limit that to $100, taking into mind—or into consideration the State's comment about the person who posted it.

"I believe I have addressed each issue.

"[PROSECUTOR]: The state agrees.

"[DEFENSE COUNSEL]: We don't object."

We agree with the state that this record indicates that (1) defendant objected to restitution, arguing that it was not authorized because (2) the expense was a normal cost of prosecution; the court, alerted to defendant's objection to restitution, (3) ordered a compensatory fine instead, to which (4) defendant did not object. Moreover, even if defendant's

objection to restitution were broad enough to encompass an objection to the compensatory fine, the fact remains that his argument—whether against restitution, compensatory fine, or both—was not developed in enough detail to permit the state to respond to it or the court to evaluate it. *J. Arlie Bryant, Inc. v. Columbia River Gorge Comm.*, 132 Or App 565, 568, 889 P2d 383, *rev den*, 321 Or 47 (1995).

There remains the question of plain error. *See* ORAP 5.45(1) ("[T]he appellate court may consider an error of law apparent on the record."). The oft-repeated criteria for plain error review are that (1) the error must be an error of law; (2) the error must be obvious, that is, not reasonably in dispute; and (3) it must appear on the face of the record, meaning that the court need not go outside the record or choose between competing inferences to identify the error. *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990). If those three criteria are satisfied, we must then determine whether to exercise our discretion to consider the error. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991). We have no doubt that the error in this case is an error of law and that it is not reasonably in dispute; as noted above, a compensatory fine is authorized only when the injury for which it "compensates" is one for which there is a remedy by civil action; the state has not suggested a theory of civil liability that would apply in this case and we can imagine none. However, there is some question as to whether there are competing inferences at play; in addition to the inference that defense counsel made a mistake, another inference that might be drawn from the record is that defendant's decision not to object to the imposition of a compensatory fine in the amount of $1,590.02 was a strategic choice, because doing so would have provided the trial court with the opportunity to reconsider its decision not to impose a fine of $50,000 for the benefit of Allstate. *See State v. Gornick*, 340 Or 160, 169-70, 130 P3d 780 (2006) (possibility that defendant's choice was strategic requires court to choose between competing inferences). And another factor militating against exercising plain error review is that defendant does not request us to do so.

Affirmed.