Argued and submitted February 28, 2020; restitution award reversed in part, remanded for resentencing, otherwise affirmed February 10, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ZANE STERLING SKEEN,
*Defendant-Appellant.*

Klamath County Circuit Court
1300498CR; A168647

481 P3d 402

Defendant was convicted of first-degree manslaughter, ORS 163.118, and ordered to pay $15,285 in restitution to the victim's family. The restitution items generally fell into two categories: (1) lost wages and expenses incurred by the victim's family members related to handling the victim's estate, and (2) lost wages and expenses incurred by the victim's family members related to defendant's criminal prosecution. On appeal, defendant challenges the restitution award. *Held*: As to the first category of restitution, defendant's current claim of error was not adequately preserved, and any error is not plain, so that portion of the order is affirmed. As to the second category of restitution, the trial court did not err in ordering defendant to pay restitution for lost wages and expenses for two family members to attend defendant's sentencing hearing to give victim impact statements. However, the court otherwise erred in ordering defendant to pay restitution for lost wages and expenses related to defendant's criminal prosecution.

Restitution award reversed in part; remanded for resentencing; otherwise affirmed.

Cameron F. Wogan, Judge.

David O. Ferry, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Jeff J. Payne, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

AOYAGI, J.

Restitution award reversed in part; remanded for resentencing; otherwise affirmed.

**AOYAGI, J.**

Defendant appeals an amended judgment of conviction for first-degree manslaughter, ORS 163.118, arguing that the trial court erred in ordering him to pay $15,285 in restitution to the victim's family. We conclude that the court erred in ordering restitution for certain lost wages and expenses incurred by the victim's family members related to defendant's criminal prosecution. We reject defendant's other arguments. Accordingly, we reverse in part, remand for resentencing, and otherwise affirm.

In reviewing a restitution award, we review the trial court's legal conclusions for legal error and its factual findings for any evidence. *State v. Jordan*, 249 Or App 93, 96, 274 P3d 289, *rev den*, 253 Or 103 (2012). "We review the evidence supporting the trial court's restitution order in the light most favorable to the state." *State v. Kirkland*, 268 Or App 420, 421, 342 P3d 163 (2015).

Defendant was convicted of first-degree manslaughter, ORS 163.118, and ordered as part of his sentence to pay restitution to the victim's family.[1] *See State v. Plagmann/Samora*, 304 Or App 785, 787-88, 469 P3d 288 (2020) (discussing crime victims' entitlement to restitution for economic damages caused by defendants' crimes). Although the crime occurred in February 2013, defendant was not convicted until November 2017, and the restitution hearing took place in July 2018. At the restitution hearing, the state sought $17,785 in restitution for economic damages incurred by nine of the victim's family members between February 2013 and November 2017. The requested restitution generally fell into two categories: (1) lost wages and expenses related to handling the victim's estate, such as retrieving property from the victim's home, cleaning the victim's home, and closing the victim's utility accounts, and (2) lost wages and expenses related to defendant's criminal prosecution, including attending defendant's arraignment, scheduling, preliminary, plea, and sentencing hearings, and meeting with the district attorney.[2]

---

[1] Defendant was also ordered to pay $1,725 in restitution to the Criminal Injuries Compensation Account, related to cremation costs, which he does not challenge.

[2] In their briefing, the parties make no distinction between attending criminal hearings and meeting with the district attorney. Like the parties, we therefore address all of those expenses together as prosecution-related expenses.

It is the state's burden to prove that a victim is entitled to restitution. *Id*. at 788 ("When restitution is sought, the state has the burden of proving (1) criminal activities, (2) economic damages, and (3) a causal relationship between the two." (Internal quotation marks omitted.)). Here, to meet that burden, the state called as a witness the victim's sister Greear, who had compiled a two-page spreadsheet of dates and expenses that was admitted into evidence. Greear explained that she had compiled the spreadsheet recently, when the family learned about the possibility of restitution, and she explained how she compiled it. A limited number of receipts were also admitted. Greear acknowledged one "mistake" on the spreadsheet, which was a $2,500 line item for lost wages for family members related to estate handling, which included lost wages for a family member who was actually retired. As for defendant's criminal proceedings, Greear testified that she and other family members travelled to attend hearings or to meet with the district attorney, and the requested restitution amount included lost wages and travel, lodging, and food expenses for those trips. The family relied on advice from the Crime Victim Advocate and the district attorney's office in deciding whether to attend hearings. No family members were subpoenaed to any hearings. And, except for two family members who gave victim impact statements at defendant's sentencing hearing, no family members participated in any hearings.

At the end of the restitution hearing, and over various objections by defendant, the trial court ordered defendant to pay $15,285 in restitution to the victim's family. That is, it ordered the full amount requested, less $2,500 due to the mistake in the spreadsheet acknowledged by Greear.

On appeal, defendant raises four overlapping assignments of error, which reduce to challenging the restitution award as it pertains to lost wages and expenses incurred by family members (1) related to handling the victim's estate, and (2) related to defendant's criminal prosecution.

With respect to the first issue, we agree with the state that defendant's current claim of error was not adequately preserved and that any error was not plain. *See* ORAP 5.45(1) ("No matter claimed as error will be

considered on appeal unless the claim of error was preserved in the lower court and is assigned as error in the opening brief in accordance with this rule, provided that the appellate court may, in its discretion, consider a plain error."); *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013) ("For an error to be plain error, it must be an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences."); *see also Jordan*, 249 Or App at 97, 99, 102 (demonstrating application of preservation requirement to various appellate challenges to a restitution award). We therefore reject defendant's arguments on the first issue and write only to address the second issue.

Defendant assigns error to the trial court's award of $5,180 in restitution to the victim's family for lost wages and travel, lodging, and food expenses related to defendant's criminal prosecution. Defendant argues that such amounts are not recoverable, because no family members were subpoenaed to testify or otherwise required to attend. He argues that, under well-settled law, expenses to *voluntarily* attend a criminal prosecution are not recoverable in criminal restitution. In response, the state argues that restitution is not necessarily limited to subpoenaed witnesses.

Crime victims are entitled to restitution for "economic damages" caused by a defendant's crime. ORS 137.106(1)(a); *see also* Or Const, Art I, § 42(1)(d) (a crime victim has "[t]he right to receive prompt restitution from the convicted criminal who caused the victim's loss or injury"). "Economic damages" has "the meaning given that term in ORS 31.710," except that it excludes future impairment of earning capacity. ORS 137.103(2)(a). Thus, for restitution purposes, "economic damages" means

"objectively verifiable monetary losses including but not limited to reasonable charges necessarily incurred for medical, hospital, nursing and rehabilitative services and other health care services, burial and memorial expenses, loss of income and past *** impairment of earning capacity, reasonable and necessary expenses incurred for substitute domestic services, recurring loss to an estate, damage to reputation that is economically verifiable, reasonable and necessarily incurred costs due to loss of use of property and

reasonable costs incurred for repair or for replacement of damaged property, whichever is less."

ORS 31.710(2)(a). Ultimately, "for the purposes of the restitution statutes, 'economic damages' are objectively verifiable out-of-pocket losses that a person could recover against the defendant in a civil action arising out of the defendant's criminal activities." *State v. Herfurth*, 283 Or App 149, 154, 388 P3d 1104 (2016), *rev den*, 361 Or 350 (2017).

In *State v. Ramos*, 358 Or 581, 600, 602, 368 P3d 446 (2016), the Supreme Court held that a victim's expenses related to providing grand jury and trial testimony were recoverable in criminal restitution as economic damages, by analogy to litigation expenses incurred with a third party due to a defendant's tortious conduct, without any mention of subpoenaes. More recently, in *State v. Nichols*, 306 Or App 189, 201, 473 P3d 1145 (2020)—a decision that relies heavily on *Ramos* but that was published after submission of this case—we held that a trial court did not err in awarding restitution to a theft victim for her lost wages to attend the defendant's sentencing hearing, because she participated in that hearing by giving a victim impact statement, but that it did err in awarding restitution for her lost wages to attend two pretrial hearings, because she did not participate in those hearings and her attendance was voluntary rather than necessary.

Applying the same reasoning here, we conclude that the trial court did not err in ordering defendant to pay restitution for the lost wages of the two family members who gave victim impact statements at defendant's sentencing hearing. Such losses are recoverable in restitution under *Ramos* and *Nichols*, or at least defendant has not identified any basis to distinguish this situation from *Nichols*.[3] *Id.* at 201. To the extent that defendant relies on certain pre-*Ramos* decisions

---

[3] Similar to the defendant in *Nichols*, defendant does not contest that the family members' giving of victim impact statements was caused by his criminal activity, in the "but for" sense, and was a reasonably foreseeable result of his criminal activity. *See Ramos*, 358 Or at 603 (regarding causation and foreseeability requirements); *Nichols*, 306 Or App at 199 n 4 (expressing no opinion on causation or foreseeability where they were not contested). Defendant also does not argue for any distinction between a victim impact statement given by a direct victim (such as the theft victim in *Nichols*) and one given by a deceased victim's family member (as in this case).

as support for his position that restitution may be ordered for lost wages only when a person is *subpoenaed—see, e.g.*, *State v. Choat*, 251 Or App 669, 671, 284 P3d 578, *rev den*, 352 Or 666 (2012) ("It is undisputed (and undisputable) that the witness's airfare and hotel expenses are not 'economic damages' under ORS 31.710(2)(a) and therefore cannot lawfully be imposed as restitution."); *State ex rel Juv. Dept. v. S. J. P.*, 247 Or App 698, 705, 271 P3d 124 (2012) (concluding that airfare expenses incurred by the victim to testify voluntarily, without a subpoena, were not "economic damages," where the state "ha[d] not identified, and we [we]re not aware of, any theory of civil liability" that would permit recovery)—those decisions either are factually distinguishable or were implicitly overruled by *Ramos*.

Relatedly, the trial court did not err in ordering defendant to pay restitution for travel, lodging, and food expenses incurred by the two family members to attend the sentencing hearing to give victim impact statements. In the trial court, defendant challenged hearing-related expenses, like lost wages, solely on the basis that no family members were subpoenaed. On appeal, he continues to treat lost wages, travel expenses, and lodging expenses as the same for restitution purposes, arguing only that the family members had to be subpoenaed or otherwise required to attend to recover such expenses. That narrow argument fails under *Nichols*. As for food expenses, defendant makes a new argument on appeal, which is that the trial court erred in ordering restitution for food expenses because there is no evidence that the family members incurred any greater food expenses while travelling than they would have at home. That argument may be well-taken, but it is unpreserved, and, given the lack of case law directly on point, we are unprepared to say that it was plain error to award restitution for food expenses. Under the circumstances, given what was argued in the trial court and what is argued on appeal, we will not disturb the restitution award as it pertains to travel, lodging, and food expenses incurred by the two family members to attend the sentencing hearing to give victim impact statements. To the extent there was error in that regard, it either was not preserved or has not been identified on appeal.

We agree with defendant, however, that the trial court erred in ordering restitution for lost wages and expenses incurred by family members to attend defendant's arraignment, scheduling, preliminary, and plea hearings; to meet with the district attorney; and to attend defendant's sentencing hearing for reasons other than to give a victim impact statement (such as to support other family members). The victim's family members were certainly free to attend hearings in which they were not participating, or to meet with the district attorney, and might understandably have wanted to do so. Their doing so was voluntary rather than "necessary," however, and such expenses are not recoverable in restitution. *Nichols*, 306 Or App at 201.

To summarize, the trial court erred by including in the restitution award to the victim's family (1) lost wages and expenses for family members to attend defendant's arraignment, scheduling, preliminary, and plea hearings, and to meet with the district attorney; and (2) lost wages and expenses for family members to attend defendant's sentencing hearing, except for the two family members who gave victim impact statements. Having determined that a portion of the restitution award is erroneous, the parties agree that the correct disposition is to reverse and remand so that the trial court may recalculate the restitution amount.

Restitution award reversed in part; remanded for resentencing; otherwise affirmed.