No. 102　　　　February 12, 2025　　　　817

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JALEN BAJAJUAN NAZEDEKY SMITH,
aka Jalen Bajajuan Nazede Smith,
*Defendant-Appellant.*

Washington County Circuit Court
22CR27737; A180649

Erik M. Bucher, Judge.

Argued and submitted December 19, 2024.

David Ferry, Deputy Public Defender, argued the cause for appellant. On the brief was John Evans, Deputy Public Defender, Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission.

Adam Holbrook, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Powers, Presiding Judge, Pagán, Judge, and Armstrong, Senior Judge.

PAGÁN, J.

Affirmed.

**PAGÁN, J.**

Defendant pleaded guilty to three counts of stalking, ORS 163.732(2)(a), and three counts of harassment, ORS 166.065(4). The trial court sentenced defendant to three years of probation and ordered him to pay a $5,000 compensatory fine. After a contested hearing, the trial court ordered defendant to pay additional restitution of over $22,000 to three victims consisting primarily of attorney fees and lost wages. On appeal, in four assignments of error, defendant challenges the restitution awards. We conclude that defendant failed to preserve the issue of whether the American Rule bars restitution, and the trial court did not plainly err in making the awards. Given defendant's conduct, which included repeatedly violating a no-contact order and evading service of process, it was reasonably foreseeable that the victims would incur attorney fees and miss work to obtain restraining orders and attend hearings. We therefore affirm the supplemental judgment awarding restitution to the three victims.

We review the trial court's imposition of restitution for legal error, bound by that court's factual findings that are supported by any evidence in the record. *State v. Lobue*, 304 Or App 13, 16, 466 P3d 83, *rev den*, 367 Or 257 (2020).

The victims are defendant's ex-girlfriend, K, her mother, M, and her father, H. After defendant repeatedly violated a no-contact order, the victims sought civil restraining orders. K obtained a temporary Family Abuse and Prevention Act (FAPA) restraining order, and her parents obtained a temporary stalking protective order (SPO). Because defendant evaded service, the victims hired an attorney. With the attorney's help, they effected alternative service and obtained restraining orders against defendant.

After defendant pleaded guilty to stalking and harassment, the state sought restitution for the attorney fees and costs that the victims incurred to obtain the protective orders. In a supplemental judgment, the trial court awarded restitution for legal fees to K and H, and for lost wages to M. Defendant appeals those awards.

ORS 137.106(1)(a) requires restitution when a person is convicted of a crime that has resulted in economic

damages. Restitution is "informed by principles enunciated in civil cases concerning recoverable economic damages." *State v. Islam*, 359 Or 796, 800, 377 P3d 533 (2016). Under the American Rule, a party in a civil action generally cannot recover attorney fees incurred in that proceeding, unless prescribed by statute or contract. *State v. Ramos*, 358 Or 581, 600, 368 P3d 446 (2016). However, that rule does not bar a claim for attorney fees incurred in a third-party action. *Id.* at 600-01. At the same time, courts are not permitted to award restitution for attorney fees that a victim chooses to incur in a criminal case to protect their interest in obtaining restitution. *State v. Fox*, 370 Or 456, 469, 521 P3d 151 (2022).

Preliminarily, we consider whether defendant preserved the arguments he makes on appeal. In his first two assignments of error, defendant argues that the trial court erred in awarding restitution for attorney fees associated with obtaining protective orders. Defendant acknowledges that petitioners in SPO and FAPA proceedings may recover attorney fees, but he argues that the victims did not comply with the relevant statutory requirements or ORCP 68. However, at the restitution hearing, defendant did not mention the American Rule, ORCP 68, or the statutory requirements for an award of attorney fees in SPO or FAPA cases. Instead, defendant focused on whether it was reasonably foreseeable that the victims would incur substantial attorney fees. That argument did not preserve the issue defendant raises on appeal. *See State v. Skotland*, 372 Or 319, 327, 549 P3d 534 (2024) ("[P]reservation requires a party to explain its objection clearly enough for the opposing party, and the trial court, to understand the issue and either avoid an error, or correct an error if one has occurred.").

In the alternative, defendant argues that the trial court plainly erred in awarding attorney fees. An error is "plain" when it is an error of law, is obvious and not reasonably in dispute, and is apparent on the record without having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). It is a matter of discretion whether we will correct a plain error. *State v. Gornick*, 340 Or 160, 166, 130 P3d 780 (2006).

Here, there was no plain error. It is not obvious or beyond reasonable dispute that the trial court could not award the victims the attorney fees that they incurred seeking protective orders against defendant. *See Ramos*, 358 Or at 601 (observing that "there are instances in which attorney fees and litigation costs incurred in separate litigation may be recovered as an element of a plaintiff's damages"). In the instant case, the attorney fees related to separate litigation—the SPO and FAPA proceedings—so it was not plain error to award restitution for those fees. *See State v. Gerhardt*, 360 Or 629, 631, 385 P3d 1049 (2016) (upholding an award of restitution for attorney fees that the victim incurred to enforce a no-contact order and to obtain a permanent protective order).

The trial court also found that defendant's conduct made it foreseeable that the victims would seek the help of an attorney, especially when defendant's evasion of service prolonged and complicated the SPO and FAPA proceedings. Those findings are supported by the record. *See Gerhardt*, 360 Or at 635 (noting that foreseeability "ordinarily poses a question of fact"). It was reasonably foreseeable that defendant's conduct—which included making death threats against K and her family and breaking windows at their home—would result in the victims incurring attorney fees in an effort to protect themselves. *See Ramos*, 358 Or at 597. We therefore reject defendant's first two assignments of error.

In his third and fourth assignments, defendant argues that the trial court erred in awarding restitution for lost wages to M. The third assignment concerns lost wages associated with obtaining protective orders, and the fourth assignment relates to lost wages associated with attending hearings. For the reasons explained above, defendant did not preserve the argument that the American Rule precludes such an award, nor can we say that it was plain error to award restitution for lost wages. *See State v. Kirschner*, 358 Or 605, 609-10, 368 P3d 21 (2016) (upholding restitution for lost wages associated with a hearing that the victim was required to attend). In addition, ORS 30.866(4)(c) expressly provides that a petitioner in an SPO case may recover not

only reasonable attorney fees but also reasonable costs. Thus, it is not obvious or beyond reasonable dispute that the trial court erred in awarding lost wages to M to obtain a protective order against defendant.

With respect to defendant's argument that it was not reasonably foreseeable that M would miss work as a result of his criminal conduct, the record supports the trial court's findings that M was required to do so to assist her daughter obtain a restraining order, and M was also required to obtain her own protective order. For the hearings that M attended, the trial court did not award her lost wages for all of them, but it did for five hearings that involved defendant's potential release from custody, an issue on which M had a right to be heard. *See State v. Skeen*, 309 Or App 288, 293, 481 P3d 402 (2021) (affirming award of lost wages for two family members who gave victim impact statements at the defendant's sentencing hearing). It was reasonably foreseeable that M would incur those damages. *See Ramos*, 358 Or at 597. In addition, for most of the hearings, the trial court awarded M only half of the requested amounts. We therefore reject defendant's third and fourth assignments of error.

Affirmed.