No. 5 February 19, 2016 605

IN THE SUPREME COURT OF THE
STATE OF OREGON

STATE OF OREGON,
*Respondent on Review,*

*v.*

KADE WILLIAM KIRSCHNER,
*Petitioner on Review.*

(CC F19697; CA A154602; SC S063069)

On review from the Court of Appeals.*

Argued and submitted September 15, 2015.

Morgen E. Daniels, Deputy Public Defender, Salem, argued the cause and filed the brief for petitioner on review. With him on the brief was Ernest G. Lannet, Chief Defender, Office of Public Defense Services.

Doug M. Petrina, Assistant Attorney General, Salem, argued the cause and filed the brief for respondent on review. With him on the brief were Ellen F. Rosenblum, Attorney General, and Paul L. Smith, Deputy Solicitor General.

Amy C. Liu, Portland, filed the brief for *amicus curiae* the National Crime Victim Law Institute. With her on the brief was Margaret Garvin.

Before Balmer, Chief Justice, and Kistler, Walters, Landau, Baldwin, Brewer, and Nakamoto, Justices.**

WALTERS, J.

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.

_____

\* Appeal from Union County Circuit Court, Brian C. Dretke, Judge. 268 Or App 716, 342 P3d 1026.

\*\* Linder, J., retired December 31, 2015, and did not participate in the decision of this case.

**WALTERS, J.**

Defendant challenges the imposition of restitution, under ORS 137.106,[1] for wages that the victim lost when the victim was subpoenaed to testify at defendant's criminal trial and restitution hearing. In a per curiam decision, the Court of Appeals affirmed the restitution award, citing *State v. Ramos*, 267 Or App 164, 340 P3d 703 (2014). *State v. Kirschner*, 268 Or App 716, 342 P3d 1026 (2015). We allowed review of both *Ramos* and the present case, and we now affirm the decision of Court of Appeals and the judgment of the circuit court.

The pertinent facts are not in dispute. Defendant and his co-defendant broke into the victim's home and, after the victim confronted them, they fled. Defendant was apprehended shortly thereafter, and the police found defendant in possession of drugs and a concealed weapon. Defendant was charged with various crimes, including burglary, trespass, criminal mischief and carrying a concealed weapon, as well as several drug offenses. The victim was subpoenaed for trial, but, shortly before the trial was scheduled to occur, defendant entered into a plea agreement under which he pleaded guilty to two drug possession charges and the charge of carrying a concealed weapon; the state dismissed the other charges. Defendant also agreed to pay the victim restitution in an amount to be determined by the court.

The state sought an award of restitution for expenses that the victim had incurred to make home repairs necessitated by defendant's crime and for wages that he had lost in order to make those repairs. The state also sought an award of restitution for two additional categories of lost wages. The victim incurred those categories of lost wages when, in

---

[1] ORS 137.106(1)(a) provides:

"When a person is convicted of a crime *** that has resulted in economic damages, the district attorney shall investigate and present to the court, at the time of sentencing or within 90 days after entry of the judgment, evidence of the nature and amount of the damages. *** If the court finds from the evidence presented that a victim suffered economic damages, in addition to any other sanction it may impose, the court shall enter a judgment or supplemental judgment requiring that the defendant pay the victim restitution in a specific amount that equals the full amount of the victim's economic damages as determined by the court."

response to the state's subpoena, he took time off work to attend defendant's criminal trial and the later restitution hearing.[2] At the restitution hearing, defendant agreed to pay restitution for the victim's home repair costs and the wages he lost in making those repairs, but challenged the court's ability to impose restitution for the additional categories of lost wages. Those challenged categories—the wages that the victim had lost because he took time off to attend defendant's criminal trial and the wages that the victim had lost because he took time to attend the restitution hearing—totaled approximately $900. Counsel for co-defendant argued that those lost wages were not recoverable because subpoenaed witnesses are entitled to a witness fee and mileage from the state.

Defendant made a similar argument in the Court of Appeals, arguing that the victim's lost wages to attend the criminal trial and restitution hearing were "costs" of the prosecution and therefore could not qualify as "economic damages" under ORS 137.106 and ORS 31.710. As noted, the Court of Appeals affirmed based on *Ramos*, and defendant petitioned for review, which we allowed.

The arguments that defendant advances in this court are similar to those that we considered in *Ramos*, decided this date. *State v. Ramos*, 358 Or 581, ___ P3d ___ (2016).[3] First, as did the defendant in *Ramos,* the defendant in this case argues that to be recoverable as restitution, a victim's economic damages must be reasonably foreseeable. For the reasons given in *Ramos,* we agree. *Id*. at ___.

Second, defendant argues, citing ORCP 68, that in civil actions, "costs and expenses" of litigation are recoverable, if at all, under that provision, and are not considered "economic damages." Defendant asserts that because, under

---

[2] The victim indicated at the restitution hearing that both the prosecution and the defense had subpoenaed him.

[3] In his brief in this court, defendant also advances an alternative argument, styled as an "intervening cause" or "superseding cause" argument, suggesting that the victim incurred lost wages on one of the dates he was subpoenaed to testify due to the prosecutor's negligence in failing to withdraw the subpoena after defendant pleaded guilty. That argument was not preserved and, during oral argument in this court, defense counsel also acknowledged that the record may not support that assertion. We do not address defendant's alternative argument.

the American Rule, a party to a civil action may not recover the costs incurred in that action as damages, a victim in a criminal proceeding also may not be awarded such costs as restitution. *See Ramos*, 358 Or at \_\_\_ (describing *Ramos* defendant's similar argument).

Although defendant is correct in his description of ORCP 68 and the American Rule, those rules do not preclude a party from recovering litigation costs incurred in a separate proceeding as "economic damages." *Ramos*, 358 Or at \_\_\_. As we explained in *Ramos,* restitution is a criminal sanction, and, even if we were to apply the American Rule by analogy, that rule would not preclude a trial court from awarding litigation costs that a victim incurred in the underlying criminal prosecution as "economic damages" in a restitution proceeding. *Id.* at \_\_\_.

In this case, our reasoning in *Ramos* fully addresses one category of the challenged lost wages; that is, the wages that the victim lost when subpoenaed to appear at defendant's criminal trial. For the reasons stated in *Ramos*, the trial court did not commit legal error in awarding those lost wages.

Our reasoning in *Ramos* does not, however, address the other category of challenged lost wages: the wages that the victim lost when he was subpoenaed to testify at the restitution hearing. In *Ramos*, we reserved the question whether the American Rule precludes such an award, s*ee id.* at 358 Or \_\_\_ (reserving question), but that question is at issue here.

In considering defendant's argument that we apply the American Rule to this second category of lost wages, we think it significant that the victim was subpoenaed to testify as a witness for the state. The victim lost wages because he was required to respond to that subpoena, not because he made an independent decision to attend the hearing to protect his interests. In that circumstance, the rationale that underlies the American Rule does not apply, and we will not rely on that rule to preclude an award of restitution. Although the victim may not have been able to recover such wages if he had brought a tort action against the defendant and testified in the trial of that action, the

victim was serving a different role when he was subpoenaed to attend the restitution hearing. The victim was required by the subpoena issued by the state to attend the restitution hearing as a witness. If we were to apply the American Rule by analogy in that circumstance, we would fail to recognize that restitution is a criminal sanction that is sought by the state, not by the victim. S*ee* ORS 137.106(1)(a) ("the District Attorney shall investigate and present to the court *** evidence of the nature and amount of the damages").

It is important to remember, however, that even in the circumstance in which a victim's costs are incurred in the underlying criminal prosecution or in the victim's role as subpoenaed witness in the restitution hearing, a court may not award a victim's costs as "economic damages" unless the state also establishes that those costs "resulted from" a defendant's criminal activity and were reasonably foreseeable. In this case, defendant did not preserve an argument that the state failed to prove those facts, and we conclude that the trial court did not err in awarding the victim's wages as restitution under ORS 137.106.

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.