Argued and submitted March 9; supplemental judgment vacated and remanded August 23; on appellant's petition for reconsideration filed September 6, allowed by opinion October 25, 2017
See 288 Or App 449, 403 P3d 834 (2017)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## CORY ADAM PARSONS,
*Defendant-Appellant.*

Washington County Circuit Court
C150336CR; A159849

403 P3d 497

John P. Evans, Deputy Public Defender, argued the cause for appellant. With him on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Jordan R. Silk, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Keith L. Kutler, Assistant Attorney General.

Before DeVore, Presiding Judge, and Garrett, Judge, and Powers, Judge.*

---

* Powers, J., *vice* Duncan, J. pro tempore.

**DeVORE, P. J.**

Defendant was convicted upon his guilty plea to attempting to elude a police officer, ORS 811.540, and second-degree criminal mischief, ORS 164.354. He appeals from a supplemental judgment that ordered him to pay restitution to a clothing store, the City of Tigard, and the city's insurer. He raises a number of issues in his challenge to the restitution decisions. We address only two issues. First, defendant argues that the trial court erred in imposing $166 in restitution payable to the clothing store for two pairs of pants that were missing, rather than damaged, contending that he did not admit nor was he convicted of theft. Second, defendant contends that the court erred in ordering $500 in restitution to the city for damage to a police car, because the damage was not a reasonably foreseeable result of his criminal activity.[1]

We conclude that the trial court erred as a matter of law in ordering $166 in restitution for the two missing pairs of pants, vacate the supplemental judgment, and remand to the trial court for it to determine whether damage to the city's police car was reasonably foreseeable in light of *State v. Ramos*, 358 Or 581, 368 P3d 446 (2016).

On review, we state the evidence supporting the trial court's restitution order in the light most favorable to the state. *State v. Kirkland*, 268 Or App 420, 421, 342 P3d 163 (2015). We review the trial court's legal conclusions for errors of law. *State v. Jordan*, 249 Or App 93, 96, 274 P3d 289, *rev den*, 353 Or 103 (2012).

---

[1] We reject two issues as unpreserved. Defendant argues that the trial court erred when it imposed $752 in restitution for nine pairs of pants damaged in January 2015, because he did not admit to nor was he convicted of damaging clothing in January. However, defendant's arguments at the hearing about the store employee's calculation of damages did not preserve the legal issue now asserted on appeal. Defendant also argues that the trial court erred in ordering $2,546.89 in restitution to the city's insurer, because the insurer is not a "victim" for purposes of ORS 137.103. Defendant admits that issue was not preserved. As to both issues, we conclude that any error is not plain, and, therefore, we do not exercise our discretion to review for plain error.

Defendant was initially charged by indictment with attempting to elude a police officer and with criminal mischief in the first degree. The indictment charged, among other things, that "on or about February 4, 2015," defendant intentionally damaged or destroyed clothing and merchandise belonging to Abercrombie & Fitch (A&F). Defendant pleaded guilty to attempting to elude an officer, ORS 811.540,[2] and to second-degree criminal mischief, ORS 164.354.[3] Defendant's plea stated that he "intentionally damaged property belonging to [A&F] and [that he] intentionally fled or attempted to elude police officers on February 4, 2015." The trial court entered convictions on that plea.

At the restitution hearing, the parties disputed the appropriate restitution sums. An employee of the clothing store testified that, in late January and into February of 2015, the store began experiencing unusual damage to its inventory. The employee described the damage as a deliberate shredding or cutting, likely with a knife. The rending was inconsistent with normal damage the store had experienced previously. Nine pairs of pants were damaged in that

---

[2] In relevant part, ORS 811.540 states:

"(1) A person commits the crime of fleeing or attempting to elude a police officer if:

"(a) The person is operating a motor vehicle; and

"(b) A police officer who is in uniform and prominently displaying the police officer's badge of office or operating a vehicle appropriately marked showing it to be an official police vehicle gives a visual or audible signal to bring the vehicle to a stop, including any signal by hand, voice, emergency light or siren, and either:

"(A) The person, while still in the vehicle, knowingly flees or attempts to elude a pursuing police officer; or

"(B) The person gets out of the vehicle and knowingly flees or attempts to elude the police officer."

[3] In relevant part, ORS 164.354 states:

"(1) A person commits the crime of criminal mischief in the second degree if:

"(a) The person violates ORS 164.345, and as a result thereof, damages property in an amount exceeding $500; or

"(b) Having no right to do so nor reasonable ground to believe that the person has such right, the person intentionally damages property of another, or, the person recklessly damages property of another in an amount exceeding $500."

way in January 2015. She testified that, on February 4, 2015, defendant entered the store and took five pairs of pants into a dressing room. Standing outside the dressing room, the employee heard ripping sounds emanating from defendant's dressing room. The employee saw defendant leave the dressing room and replace three of the five pairs of pants back. Two of the three pairs "were shredded" in the same manner as the nine pairs damaged in January. The two other pairs were never found. She followed defendant out of the store and reported his license plate number to police as he drove away. She also testified as to the store's losses, reporting that the two shredded pairs of pants cost $78 each, the missing pairs of pants cost $78 and $88 respectively, and the nine pairs damaged in January 2015 cost a total of $752. A&F's total loss was $1,074.

Officer Johnson of the Tigard Police Department testified that he responded to the incident. He recalled that dispatch had informed him that defendant was likely armed with a knife and that he might have a concealed handgun license. Johnson pursued defendant in a marked police car. He activated his overhead lights and sirens to pull defendant over. Defendant stopped only momentarily, but then continued on. As Johnson pursued defendant, other vehicles pulled to the side of the road. Defendant continued through two intersections with "plenty of opportunity to stop." As defendant was about to enter a residential neighborhood, Johnson drove his patrol car into the rear corner of defendant's truck, in a "pursuit intervention technique" (PIT), in order to force defendant's truck to a stop. Forty three seconds elapsed between the time Johnson activated his lights and sirens and the time he executed the emergency maneuver. Johnson testified that, as a result, the patrol car suffered $3,046.89 worth of damage. The City of Tigard's insurer, City County Insurance Services (CCIS), paid $2,546.89 to repair the patrol car, and the city paid a $500 deductible for the repairs.

Based on that evidence, the state urged the trial court to require defendant to make restitution in the following sums:

| Date | Property | Cost |
|------|----------|------|
| January 2015 | Nine ripped pants | $752 |
| February 4, 2015 | Two ripped pants | $156 |
| February 4, 2015 | Two missing pants | $166 |
| | | Subtotal: $1,074 |
| February 4, 2015 | Patrol car deductible | $500 |
| February 4, 2015 | Patrol car repairs | $2,546.89 |
| | | TOTAL: $4,120.89 |

Defendant raised several objections, two of which are relevant to our discussion. First, defendant argued that, because he was charged with intentionally damaging property, not theft, he should not be responsible for the two pairs of pants that were simply missing after the February incident. Also, defendant argued that the damages incurred by the police department for the damage to the patrol car were "not incurred as a result of the offense." To further that point, defendant contended that Johnson was acting outside the scope of the police department's internal policies by executing the PIT maneuver. Despite the objections, the trial court ordered defendant to pay a total of $4,120.89 in restitution to the clothing store, the City of Tigard, and CCIS, albeit without explanation for the ruling.

On appeal, defendant concedes restitution was appropriate for $156 for the value of the two pairs of pants that he shredded on February 4, 2015, but disputes all other components of the restitution judgment. As to two matters, we agree with defendant.

To review, ORS 137.106 authorizes a trial court to order restitution when a person is convicted of a crime that has resulted in economic damages.[4] Under that statute,

---

[4] In relevant part, ORS 137.106 states:

"(1)(a) When a person is convicted of a crime * * * that has resulted in economic damages, the district attorney shall investigate and present to the court, at the time of sentencing or within 90 days after entry of the judgment, evidence of the nature and amount of the damages. * * * If the court finds from the evidence presented that a victim suffered economic damages, in addition to any other sanction it may impose, the court shall enter a judgment or supplemental judgment requiring that the defendant pay the victim restitution in a specific amount that equals the full amount of the victim's economic damages as determined by the court."

the state must provide sufficient evidence of (1) criminal activities, (2) economic damages, and (3) a causal relationship between the two. *Kirkland*, 268 Or App at 424. Additionally, the "record must support a nonspeculative inference that there is a causal relationship between the defendant's criminal activities and the victim's economic damages." *State v. Akerman*, 278 Or App 486, 490, 380 P3d 309 (2016). The requirement of a causal relationship means that the defendant's criminal activities must be a "but for" cause of the victim's damages and that the damages must have been a reasonably foreseeable result of the defendant's criminal activities. *Ramos*, 358 Or at 603. "Criminal activities" are defined as "any offense with respect to which the defendant is *convicted* or any other criminal conduct *admitted* by the defendant." ORS 137.103(1) (emphases added). Therefore, a defendant "cannot be required to pay restitution for [economic] damages arising out of criminal activity for which he was not convicted or which he did not admit having committed." *State v. Seggerman*, 167 Or App 140, 145, 3 P3d 168 (2000). "[W]hether those prerequisites have been met is ultimately a legal question that will depend on the trial court's factual findings." *Akerman*, 278 Or App at 490 (internal quotation marks omitted).

As applied, those standards require that defendant's criminal activities be causally related to the store's damages for the missing pants. Defendant was convicted of criminal mischief in the second degree, ORS 164.354. That conviction was predicated on defendant's plea agreement, in which he admitted that he "intentionally damaged property." Other than the plea agreement, the record does not demonstrate that defendant admitted to any other criminal conduct. Indeed, as he insists, defendant was not charged with theft, and he did not admit to stealing any pants.

Nonetheless, the state urges us to uphold the restitution order for the missing pants on the ground that the missing pants arose out of the same "facts or events" involving defendant's intentional damage to the other pants, because the employee testified that defendant entered a dressing room with five pairs of pants and shredded two of three pairs, and that two other pairs were never recovered.

In support, the state relies on our prior decisions, but that reliance is misplaced.

In *State v. Stephens*, 183 Or App 392, 52 P3d 1086 (2002), we upheld the trial court's restitution order requiring the defendant to pay $4,000 for damage to a vehicle after a jury convicted the defendant of unauthorized use of a vehicle and possession of a stolen vehicle. The defendant drove a stolen vehicle to a nearby neighborhood and parked it in a friend's yard. The police eventually found the car in the yard and the tires and wheels were missing. We upheld the restitution order for the damage to the vehicle because a causal link existed between the defendant's criminal activity and the damage that occurred. We reasoned that "the loss of the tires and wheels resulted from defendant's criminal activities of exercising control over, possessing, and using the [vehicle] without the consent of the owner. Specifically, defendant's acts of possession and his exercise of control over the [vehicle], which included leaving it unprotected in his friend's yard, *facilitated* the theft." *Id.* at 397 (emphasis added). In other words, the loss resulted in a "but for" sense from the defendant's unauthorized use of a vehicle and possession of a stolen vehicle—the crimes for which he was convicted.

Similarly, in *State v. Doty*, 60 Or App 297, 653 P2d 276 (1982), we upheld a restitution award after concluding that the defendant's criminal activities were a "but for" cause of the victim's economic damages. In that case, the defendant was convicted of theft of items worth less than $200. The court imposed restitution of $2,000, the value of all the things that had been stolen from the house. The defendant had admitted to "kicking in the victim's door and taking a vacuum cleaner and a pellet gun." *Id.* at 299. He claimed that someone else must have taken the other items. We affirmed, concluding that the defendant's criminal activities caused the loss of all of the items in a "but for sense" because, by kicking in the door, he had created free access to the house for the purported second thief. *Id.* at 300-01.

In those cases in which we upheld the restitution award, a "but for" causal connection existed between the defendant's *criminal activities* and the victim's economic

damages. Here, there was no evidence that defendant's criminal activities of shredding certain pants made possible the theft or disappearance of the other pants. *See State v. Thornton*, 103 Or App 296, 298, 796 P2d 1252 (1990) (defendant's theft of cash and tires from a car, the crimes for which he was convicted, did not make possible the theft of the car's stereo—a crime he had not admitted and with which he was not charged). The state has not explained or developed an argument that defendant's criminal activity—here, intentionally damaging some pairs of pants—"facilitated" the disappearance of the other two pairs. *See Stephens*, 183 Or App at 397. Defendant did not admit the employee's account that he picked up five pairs of pants, nor did defendant admit any mischief or misdeed involving hiding, secreting, or discarding the missing pants. Accordingly, we must conclude that there is not sufficient evidence under ORS 137.106 to show that defendant's "criminal activities" bear the requisite causal relationship to the missing pants. On this record, restitution for the missing pants could not be required.

With that, we reach the final issue. Defendant argued to the trial court that the damage to the patrol car did not occur "as a result of the offense" because the damages were incurred by Johnson executing the PIT maneuver prematurely, not by defendant's attempt to elude police. At the time of the trial court proceedings, in order to impose restitution, defendant's criminal activities must have been found to be a "but for" cause of the victim's economic damages. *State v. Pumphrey*, 266 Or App 729, 734, 338 P3d 819, *rev den*, 357 Or 112 (2014). After the entry of the restitution judgment, the Supreme Court decided *Ramos*, 358 Or 581, concluding that ORS 137.106 requires the trial court make a factual determination whether the damages were a "reasonably foreseeable" result of the defendant's criminal activities, in addition to making the determination whether the damages resulted in a "but for" sense. 358 Or at 597, 603.

Relying on *Ramos*, defendant argues on appeal that the trial court erred in imposing restitution for the damage to the patrol car because the damage was not a "reasonably foreseeable" result of his criminal conduct. On this record, we conclude that the trial court did not make a finding

whether the damage was "reasonably foreseeable" as the statute requires after *Ramos*. And we conclude that such a finding is necessary even when the requirement was not yet recognized at the time of hearing. *See State v. Jury*, 185 Or App 132, 136, 57 P3d 970 (2002), *rev den*, 335 Or 504 (2003) ("Error, in general, must be determined by the law existing at the time the appeal is decided, and not as of the time of trial."). In making that determination, we observe that the issue of foreseeability in restitution is a question whether damage is generally foreseeable and is not a question whether the particular manner in which the damage actually occurred is foreseeable. *See Ramos*, 358 Or at 597 ("In the civil law, the test that a court uses to determine whether damages are too attenuated to be recoverable is whether a reasonable person in the defendant's position would have foreseen that someone in the victim's position could reasonably incur damages of the *same general kind* that the victim incurred. * * * That is the test that we conclude the legislature intended to impose for use in restitution proceedings." (Emphasis added.)).

For those reasons, we vacate the supplemental judgment and remand to the trial court for it to make that finding in the first instance. *See Ramos*, 358 Or at 598 ("An argument that [economic damages] were not reasonably foreseeable must be made, in the first instance, to a trial court for its factual determination."); *State v. Rodriguez*, 284 Or App 652, 653-54, 393 P3d 1199 (2017) (vacating supplemental judgment requiring defendant to pay restitution and remanding for trial court to determine whether damage was reasonably foreseeable in the first instance, in light of *Ramos*).

Supplemental judgment vacated and remanded.