Submitted February 24; supplemental judgment reversed in part, remanded for resentencing, otherwise affirmed June 10; petition for review denied September 17, 2020 (367 Or 76)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CORY ADAM PARSONS,
*Defendant-Appellant.*

Washington County Circuit Court
C150336CR; A168673

468 P3d 1033

Defendant appeals for the second time from a supplemental judgment imposing restitution, entered after defendant pleaded guilty to second-degree criminal mischief and attempting to elude a police officer. In the first appeal, the trial court ordered defendant to pay restitution to Abercrombie & Fitch for lost and damaged pants, and to the City of Tigard and the city's insurer for damage to a police vehicle. The Court of Appeals vacated the supplemental judgment of restitution and remanded the case to the trial court to make a finding of reasonable foreseeability with respect to the damage to the police vehicle. On remand, the trial court again ordered defendant to pay restitution, but did not make findings of reasonable foreseeability on the record. In this second appeal, defendant assigns error to the trial court's failure to make an express finding of reasonable foreseeability with respect to the police vehicle and to the court's order of restitution to Abercrombie & Fitch for pants that defendant did not admit to damaging. *Held*: The Court of Appeals concluded that (1) the trial court did not err by declining to make an express finding of reasonable foreseeability with respect to the damage to the police vehicle and (2) the court's imposition of restitution for pants that defendant did not admit to damaging was error, as conceded by the state.

Supplemental judgment reversed in part; remanded for resentencing; otherwise affirmed.

Eric Butterfield, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and John Evans, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and James, Judge.

SHORR, J.

Supplemental judgment reversed in part; remanded for resentencing; otherwise affirmed.

**SHORR, J.**

Defendant appeals from a supplemental judgment imposing restitution, entered after defendant pleaded guilty to second-degree criminal mischief, ORS 164.354, and attempting to elude a police officer, ORS 811.540. This is defendant's second appeal from a judgment imposing restitution for those crimes. In the first, the trial court ordered defendant to pay restitution to Abercrombie & Fitch for lost and damaged merchandise, and to the City of Tigard and the city's insurer for damage to a police vehicle. We vacated the supplemental judgment of restitution and remanded to the trial court to make a finding of reasonable foreseeability with respect to the damage to the patrol car in accordance with *State v. Ramos*, 358 Or 581, 368 P3d 446 (2016). On remand, the trial court again ordered defendant to pay restitution to Abercrombie & Fitch, the city, and the city's insurer.

Defendant now raises four assignments of error relating to the second supplemental judgment imposing restitution. With respect to assignments of error one through three, defendant argues that the trial court erred in failing to make an express finding of reasonable foreseeability. As we explain below, we conclude that the court was not required to make an express finding of reasonable foreseeability and, therefore, affirm the order of restitution for damage to the patrol car. In his fourth assignment of error, defendant argues that the court erred in ordering defendant to pay restitution to Abercrombie & Fitch for pants that defendant did not admit to damaging. The state concedes that error, and we accept the state's concession. Accordingly, we reverse that portion of the second supplemental judgment, and remand to the trial court with instructions to delete restitution for the pants defendant did not admit to damaging.

The relevant facts, which are undisputed, are set forth in our first opinion, *State v. Parsons*, 287 Or App 351, 403 P3d 497, *adh'd to as modified on recons*, 288 Or App 449, 403 P3d 834 (2017), *rev den*, 362 Or 545 (2018) (*Parsons I*). We summarize those facts below. In January 2015, nine pairs of pants were damaged at Abercrombie & Fitch. The

damage was caused by a "deliberate shredding or cutting, likely with a knife." *Id*. at 354-55. On February 4, 2015, an Abercrombie & Fitch employee observed defendant enter a dressing room with five pairs of pants. That employee "heard ripping sounds emanating from defendant's dressing room" and saw defendant return three pairs of pants to a clothing rack. *Id*. at 355. Two of those pairs had been "shredded" in the same manner as the nine pairs damaged in January. The other two pairs were never recovered. *Id*.

The employee followed defendant as he left the store and reported defendant's license plate number to the police. Officer Johnson of the Tigard Police Department responded to the incident. Johnson pursued defendant, who was driving, in a marked police car and activated the overhead lights. Defendant did not stop his vehicle in response to the overhead lights but continued driving "through two intersections with 'plenty of opportunity to stop.'" *Id*. To force defendant to stop his car, "Johnson drove his patrol car into the rear corner of defendant's truck, in a 'pursuit intervention technique' (PIT)," causing damage to the patrol car. *Id*.

Defendant pleaded guilty to attempting to elude an officer and second-degree criminal mischief. Defendant's plea stated that he "intentionally damaged property belonging to Abercrombie & Fitch" and that he "intentionally fled or attempted to elude police officers on February 4, 2015." The state sought a restitution award against defendant under ORS 137.106.

At the restitution hearing, the state presented evidence of the damages. The Abercrombie & Fitch employee testified to the store's losses, "reporting that the two shredded pairs of pants cost $78 each, the missing pairs of pants cost $78 and $88 respectively, and the nine pairs damaged in January 2015 cost a total of $752." *Id*. Abercrombie & Fitch's "total loss was $1,074." *Id*. Johnson also testified that, as a result of the PIT maneuver, "the patrol car suffered $3,046.89 worth of damage. The City of Tigard's insurer, City County Insurance Services (CCIS), paid $2,546.89 to repair the patrol car, and the city paid a $500 deductible for the repairs." *Id*.

Based on that evidence, the trial court ordered defendant to pay $1,074 in restitution to Abercrombie & Fitch, including $752 for the nine pants ripped in January, $156 for the two pants ripped on February 4, and $166 for the two pants that went missing on February 4. The court also awarded $500 to the city and $2,546.89 to CCIS for damage to the patrol car. In total, defendant was ordered to pay $4,120.89. *Id.* at 356.

Defendant appealed from the judgment imposing restitution. Among other things, defendant argued that the trial court erred in ordering restitution for the missing pants, because no "but for" causal connection existed between defendant's criminal activities and the disappearance of the pants. *Id.* at 357. We agreed and reversed the trial court's award of restitution for the missing pants. *Id.* at 359. Defendant also argued that it was error to impose restitution for the patrol car, because the damage to the car was not a reasonably foreseeable result of defendant's criminal conduct as required by *Ramos*, which the Supreme Court issued after the trial court's imposition of restitution. *Id.* We concluded that the trial court did not make a finding whether the damage was reasonably foreseeable, and that such a finding was necessary, although it was not recognized at the time of the hearing. *Id.* at 359-60. For those reasons, "we vacate[d] the supplemental judgment and remand[ed] to the trial court for it to make that finding in the first instance." *Id.*[1]

The trial court held a hearing to address the reasons for remand. At that hearing, defendant argued that, in the forthcoming judgment imposing restitution, no restitution should be awarded for the patrol car or the pants that were damaged in January. With respect to the patrol car, defendant reprised his argument that the damage was not a reasonably foreseeable consequence of his criminal activity. As for the pants damaged in January, defendant argued that he could not be ordered to pay for those damages because he had not admitted to, or pleaded guilty to, damaging pants

---

[1] On reconsideration, we clarified that the trial court was to conduct the reasonable foreseeability analysis with respect to the entire sum owed for the patrol car, including the $500 to the city and the $2,546.89 to CCIS. *State v. Parsons*, 288 Or App 449, 450, 403 P3d 834 (2017), *rev den*, 362 Or 545 (2018) (*Parsons II*).

on any day other than February 4. In accordance with our opinion in *Parsons I*, both parties agreed that no restitution should be awarded for the missing pants. At the conclusion of the hearing, the court explained that it would take those issues under advisement. The court later issued an order imposing restitution for all of the original damages, including damage to the patrol car and the pants damaged in January, less $166, the amount for the missing pants. That order identified only the new amount of restitution, which was $3,954.89. The court made no express findings of fact and did not explain its analysis.

Defendant now appeals for the second time, assigning error to (1) the trial court's imposition of $500 in restitution to the city for damage to the patrol car, (2) the court's imposition of $2,546.89 in restitution to CCIS for damage to the patrol car, (3) the court's failure to make an express factual finding whether the damage to the patrol car was a reasonably foreseeable consequence of defendant's criminal activities, and (4) the court's imposition of $752 in restitution to Abercrombie & Fitch for pants that were damaged in January 2015.

Whether a trial court has complied with the requirements for imposing restitution is a legal question that we review for errors of law. *State v. Herfurth*, 283 Or App 149, 152, 388 P3d 1104 (2016), *rev den*, 361 Or 350 (2017). We are bound by the trial court's factual findings if they are supported by any evidence in the record. *State v. Pumphrey*, 266 Or App 729, 730, 338 P3d 819 (2014), *rev den*, 357 Or 112 (2015).

Before turning to the issues on appeal, we briefly summarize the relevant law concerning restitution. ORS 137.106(1) requires a trial court to award restitution when a person is convicted of a crime that results in economic damages to the victim. Under that statute, the state bears the burden to prove, by a preponderance of the evidence, that the victim's economic damages were the result of the defendant's criminal activities. *State v. Lobue*, 304 Or App 13, 14, 466 P3d 83 (2020).

"[W]hether a crime has 'resulted in' economic damages under ORS 137.106 is a function of two considerations,

namely, causation and foreseeability." *State v. Gerhardt*, 360 Or 629, 635, 385 P3d 1049 (2016). Reasonable foreseeability provides an outer limit to the element of causation such that the damages must have been a reasonably foreseeable result of the defendant's criminal activities. *Ramos*, 358 Or at 596-97. As we observed in *Parsons I*, "the issue of foreseeability in restitution is a question whether damage is generally foreseeable and is not a question whether the particular manner in which the damage actually occurred is foreseeable." 287 Or App at 360 (citing *Ramos*, 358 Or at 597). Whether damage is reasonably foreseeable is "a factual question for the court." *Ramos*, 358 Or at 597.

We turn to defendant's assignments of error one through three, all of which pertain to the damage to the patrol car. In a combined argument, defendant contends that the trial court erred by failing to make an express finding of reasonable foreseeability either at the remand hearing or in the order that followed. Defendant does not argue, as he did in *Parsons I*, that the damages were not reasonably foreseeable. Thus, the sole issue before us with respect to assignments of error one through three is whether the trial court was required to make an express finding as to whether the damage to the patrol car was a reasonably foreseeable consequence of defendant's criminal activities.

We first note that, as a general rule, we presume that a trial court made findings of fact consistent with its ultimate legal conclusion. *State v. Ehly*, 317 Or 66, 75, 854 P2d 421 (1993) ("If findings of historical fact are not made on all pertinent issues and there is evidence from which such facts could be decided more than one way, we will presume that the facts were decided in a manner consistent with the court's ultimate conclusion."). We thus presume that the trial court impliedly found that the damage to the patrol car was reasonably foreseeable, given the court's order of restitution and our remand instructions directing the court to determine that issue.

Although trial courts are sometimes required to make express findings by law, defendant does not argue that ORS 137.106 imposes such a requirement with respect to findings of reasonable foreseeability. Nor does defendant

identify any cases that do so. We observe that we have affirmed restitution awards based on implied findings of fact, if there was evidence in the record to support those implied findings. *See, e.g.*, *State v. Carson*, 238 Or App 188, 194, 243 P3d 73 (2010) (affirming sentencing court's award of restitution because evidence in the record supported the court's implied finding of period of time covered by plea agreement). And, in recognizing that a trial court must make a finding of reasonable foreseeability before ordering a defendant to pay restitution, *Ramos* did not require that finding to be expressed on the record. *See Ramos*, 358 Or at 596 (characterizing the "question at issue in [that] case" as "whether reasonable foreseeability is a limiting concept that a court must *consider* in deciding whether to award the particular damages sought as restitution" (emphasis added)).

Defendant, however, points to our decision in *Parsons I* as the basis for the trial court's purported obligation to make an express finding here. We do not read the remand instructions in that case, alone or in the context of the whole opinion, as creating an obligation of that kind. In *Parsons I*, we remanded to the trial court to make a finding regarding reasonable foreseeability because (1) the trial court did not make a finding of reasonable foreseeability as required by *Ramos*, (2) such a finding was necessary even though it was not recognized at the time of the hearing, and (3) an argument concerning the reasonable foreseeability of damages must be made in the first instance to the trial court. *Parsons I*, 287 Or App at 359-60. We thus remanded to the court "for it to make that finding in the first instance." *Id*. at 360. Nowhere in the opinion did we refer to a requirement that the court make an express finding or explain its analysis on the record.

Furthermore, a trial court is permitted to conduct remand proceedings in a manner of its choosing, as long as those proceedings are not contrary to or outside the scope of the remand instructions. *Village at Main Street Phase II, LLC II v. Dept. of Rev.*, 360 Or 738, 748, 387 P3d 374 (2016) ("When an appellate court directs action on remand, the tribunal typically may determine how to accomplish the directed outcome if it does so within the boundaries set by the remand."). Here, after defendant presented argument at

the remand hearing regarding foreseeability, the trial court stated that it would take the issues raised at the hearing and in *Parsons I* under advisement, and later issued the restitution order. Given our simple instructions that the court "make that finding [of reasonable foreseeability] in the first instance," the court did not act contrary to or outside the scope of our instructions. Therefore, we conclude that it was not error for the trial court to decline to make an express finding whether the damage to the patrol car was a reasonably foreseeable result of defendant's criminal activities, and we affirm the court's order of restitution to the city and CCIS.

We turn to defendant's fourth and final assignment of error. Defendant contends that the trial court erred when it ordered defendant to pay $752 to Abercrombie & Fitch for the pants that were damaged in January 2015, because defendant did not admit to damaging those pants. A trial court may order a defendant to pay restitution for economic damages resulting from criminal activities for which he was convicted or to which he admitted. *Lobue*, 304 Or App at 14; ORS 137.103(1) (defining "criminal activities" as "any offense with respect to which the defendant is convicted or any other criminal conduct admitted by the defendant"). Thus, it is error "for a trial court to impose restitution based on activities that occurred outside the period of time covered by the defendant's plea agreement." *State v. Muhammad*, 265 Or App 412, 414, 335 P3d 1281 (2014); *see also State v. Howard*, 292 Or App 517, 520, 424 P3d 803 (2018) (same).

Here, defendant pleaded guilty to criminal mischief for "intentionally damag[ing] property belonging to Abercrombie & Fitch *** on February 4, 2015." Defendant did not admit, in his plea statement or elsewhere, to damaging Abercrombie & Fitch's property during January. Accordingly, defendant asserts that it was error for the trial court to award $752 in restitution to Abercrombie & Fitch for the pants damaged in January. The state concedes that error, and we accept the state's concession.

In sum, we conclude that the trial court did not err by declining to make an express finding of reasonable foreseeability with respect to damage to the patrol car. We

therefore affirm the court's order of restitution to the city and CCIS for the patrol car, in the amounts of $500 and $2,546.89, respectively. The state concedes that the court erred in imposing restitution for the pants that were damaged in January, because defendant did not admit or plead guilty to damaging those pants. We accept the state's concession and remand to the trial court with instructions to delete $752 of the restitution awarded to Abercrombie & Fitch from the supplemental judgment.

Supplemental judgment reversed in part; remanded for resentencing; otherwise affirmed.