Submitted April 29; in Case No. 18CR40463, supplemental judgment reversed in part, remanded for resentencing, otherwise affirmed; in Case No. 18CR20896, affirmed August 26, 2020

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## RYAN KEITH NICHOLS,
*Defendant-Appellant.*

Washington County Circuit Court
18CR20896, 18CR40463;
A169318 (Control), A169319

473 P3d 1145

Defendant appeals from a supplemental judgment imposing $1,361.15 in restitution, after defendant was convicted of third-degree theft, among other things. The state requested that amount on behalf of the victim as compensation for defendant's theft of the victim's flashlight and for five days of the victim's lost wages when the victim missed work to attend court proceedings. Of those court proceedings, the victim attended two under subpoena, and three—two pretrial hearings and the sentencing hearing—voluntarily. Defendant assigns error to the court's imposition of $792.75 of the total restitution, which represents the victim's lost wages from the three days she voluntarily attended the pretrial and sentencing hearings. *Held*: The trial court erred in imposing restitution for the victim's lost wages in attending the two pretrial hearings, because the victim's attendance at those hearings was not necessary. However, the court did not err in imposing restitution for the victim's attendance at the sentencing hearing because the victim had a constitutional right to be heard at sentencing.

In Case No. 18CR40463, supplemental judgment reversed in part; remanded for resentencing; otherwise affirmed. In Case No. 18CR20896, affirmed.

Theodore E. Sims, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sara F. Werboff, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Adam Holbrook, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and James, Judge.

SHORR, J.

In Case No. 18CR40463, supplemental judgment reversed in part; remanded for resentencing; otherwise affirmed. In Case No. 18CR20896, affirmed.

**SHORR, J.**

Defendant appeals from a supplemental judgment imposing $1,361.15 in restitution, entered after defendant was convicted of third-degree theft, among other things.[1] Defendant challenges only $792.75 of the total restitution. That amount represents the victim's lost wages for three days of court proceedings that the victim voluntarily attended: two pretrial hearings and a sentencing hearing. Defendant assigns error to the trial court's imposition of restitution for those lost wages, contending that they are not "economic damages" within the meaning of the restitution statutes. Because we conclude that the court erred in imposing restitution for the two days of lost wages from when the victim voluntarily attended pretrial hearings but did not err in imposing restitution for the victim's attendance at the sentencing hearing, we reverse in part, remand for resentencing, and otherwise affirm.

The relevant facts are procedural and undisputed. Defendant was charged with, among other things, theft in the third degree when he took a $15 flashlight from the victim's home.[2] The victim voluntarily attended two pretrial hearings in the case: a "case management conference" and a "final resolution conference." The case then proceeded to a trial, during which the victim testified pursuant to a subpoena. Defendant was convicted at trial, and a sentencing hearing was subsequently held. The victim also voluntarily attended the sentencing hearing, stating that she "ask[ed]

---

[1] Although this is a consolidated appeal involving two cases that were consolidated for trial, the supplemental judgment and this resulting opinion pertain only to Case No. 18CR40463.

[2] As we explain below, defendant was ultimately convicted for the theft of the $15 flashlight from the victim. Defendant was acquitted of two other third-degree theft counts that alleged that defendant had stolen a gas can and tote bag as part of the same theft. Defendant was convicted of other charges relating to resisting arrest and interfering with a peace officer that did not involve the victim for whom restitution was sought.

The reader will notice by the conclusion of this opinion that defendant will likely be responsible for a restitution award that may ultimately approach $1,000 for the theft of a $15 flashlight. That result is compelled by the law and the arguments made by the parties. We question, however, whether most juries would award that amount in a civil jury trial and whether that result strikes the appropriate balance between making victims whole for their loss and notions of appropriate justice.

to come in" to give a victim impact statement. Defendant was sentenced, and the trial court scheduled a restitution hearing approximately three months later. The victim was again subpoenaed to testify at that contested restitution hearing.

At the restitution hearing, the state sought restitution for the victim's lost wages when the victim attended all five of the above hearings: the two pretrial hearings and the sentencing hearing for which the victim was not subpoenaed, and the trial day and the restitution hearing for which she was subpoenaed. As to the two pretrial hearings, the victim testified that she had voluntarily attended because she "felt that it was my civil duty as being part of the case and the lead reason that the case even came to trial." The victim also testified that she had been informed by "a representative of [the district attorney's] office" that defendant could "potentially" enter a plea during those pretrial hearings and, in the event that he did, she wanted to be present in court to give a victim impact statement before defendant was sentenced.

As to the sentencing hearing, the victim testified that she had attended to give her victim impact statement. She stated that the previous trial date "went so late" that she had not been able to provide a statement at that time. The record confirms that the trial had ended around 5:30 p.m. The victim stated that she felt very motivated to give a victim impact statement in this case, because she "needed to represent myself freely and of free will and say how this whole situation affected me."

Defendant did not challenge the imposition of restitution for the victim's lost wages when she was compelled by subpoena to testify for the prosecution, but he did object to restitution for the victim's lost wages when she appeared voluntarily at the pretrial hearings and the sentencing hearing. Citing *State v. Kirschner*, defendant asserted that a victim is not entitled to restitution for lost wages for court appearances for which the victim was not subpoenaed. 358 Or 605, 609, 368 P3d 21 (2016) (affirming a restitution award for a victim's lost wages for attending court proceedings pursuant to a subpoena and noting in *dicta* that the

court found it "significant" that the victim had been subpoenaed to appear as a witness for the state).

Additionally, defendant argued that it was not necessary for the victim to attend the three hearings for which she had not been subpoenaed. Defendant acknowledged that the victim had a constitutional right to give a victim impact statement, but defendant argued that the victim's presence at the two pretrial hearings was unnecessary, because, in the event that defendant had entered a plea at either of those hearings, the state could have requested that the court schedule a later sentencing hearing to allow the victim to be present and provide a victim impact statement. As to the victim's attendance at the sentencing hearing, defendant argued that the victim's presence was unnecessary because the victim had been present at trial when the jury rendered its verdict, and she would have been able to give her statement after the verdict was announced.

The state responded that the victim was entitled to restitution for lost wages resulting from her voluntary attendance at the proceedings, because the victim had a constitutional right to make a victim impact statement. Although the state acknowledged that it was "unaware of any authority that would support the proposition that, for unsubpoenaed appearances, the victim has a right to restitution * * *, [it] couldn't find any contrary case law, either." The state also pointed out that the victim chose to show up to the pretrial hearings to save judicial resources so that, if the defendant did choose to enter a plea, the court would not have to schedule a separate sentencing hearing.

While hearing the parties' arguments, the trial court acknowledged that it was not necessary for the victim to attend the pretrial hearings because sentencing could have been deferred. However, the court reasoned that the victim would still have had to show up for a sentencing hearing at some point and that, therefore, restitution was appropriate because the victim did not know whether defendant would enter a plea at either of the pretrial hearings.

"Yes, she could have not been here at the end of one of those days like a [case management conference] day and then had sentencing deferred, but she's going to have to

show up for that appearance, so that's sort of six of one, half a dozen of the other.

"The only time that could have been saved, I suppose, if she wasn't here for both the [case management conference] and the [final resolution conference]—if she hadn't turned up for either one, she could have had her rights recognized with a single appearance after plea was made instead of appearing on both occasions. But I don't think it's appropriate for a victim to be penalized for not knowing what a defendant is going to do."

The court imposed restitution for all five days' lost wages. The court reasoned that the victim had a constitutional right to give an impact statement, and the court was "not aware of any authority that says that a witness is not entitled to non-subpoenaed time, which is reasonably appropriate to have been spent in the context of their case." The court concluded that awarding restitution for all five days' wages was "the right thing to do."

Defendant now appeals, assigning error to the trial court's imposition of restitution for the victim's three voluntary court appearances. Defendant argues that those lost wages are not "economic damages" within the meaning of the restitution statutes. As he had in the trial court, defendant argues that, under the definition of "economic damages" in ORS 31.710, it was not necessary for the victim to attend those hearings for which the victim did not receive a subpoena. Defendant also argues that such lost wages would not have been recoverable in a civil action and thus were not awardable as restitution. The state responds that the victim necessarily incurred those lost wages in an effort to exercise her constitutional right to provide a victim impact statement and, thus, the court did not err in imposing restitution for that time. We review for legal error. *State v. Herfurth*, 283 Or App 149, 152, 388 P3d 1104 (2016), *rev den*, 361 Or 350 (2017). We are bound by the trial court's factual findings if they are supported by any evidence in the record. *State v. Parsons*, 304 Or App 607, 612, 468 P3d 1033 (2020).

We begin by summarizing the relevant law concerning restitution. A trial court is required to order a defendant to pay restitution to a victim in the full amount of

the victim's "economic damages" as determined by the court. ORS 137.106(1)(a). The term "economic damages" "[h]as the meaning given that term in ORS 31.710." ORS 137.103(2)(a). That statute, in turn, provides:

> "'Economic damages' means objectively verifiable monetary losses including but not limited to reasonable charges necessarily incurred for medical, hospital, nursing and rehabilitative services and other health care services, burial and memorial expenses, loss of income and past and future impairment of earning capacity, reasonable and necessary expenses incurred for substitute domestic services, recurring loss to an estate, damage to reputation that is economically verifiable, reasonable and necessarily incurred costs due to loss of use of property and reasonable costs incurred for repair or for replacement of damaged property, whichever is less."

ORS 31.710(2)(a). "[F]or the purposes of the restitution statutes, 'economic damages' are objectively verifiable out-of-pocket losses that a person could recover against the defendant in a civil action arising out of the defendant's criminal activities." *Herfurth*, 283 Or App at 154 (citing *State v. Ramos*, 358 Or 581, 590, 368 P3d 446 (2016)).

The Supreme Court has held that a victim's litigation expenses can be awarded as restitution under certain circumstances. In *Ramos*, the defendant set fire to her own restaurant and filed a fraudulent insurance claim. The victim-insurer, through its attorneys, hired outside investigators to investigate the defendant's claim before ultimately denying the claim. After the defendant's claim was denied, the victim-insurer incurred expenses for, among other things, the fees that it paid to investigators for their time presenting grand jury and trial testimony at the defendant's criminal trial. After the defendant was convicted, the state sought restitution for the victim's attorneys' fees and litigation costs, including expenses related to paying the investigators' fees incurred during the time they gave testimony. *Ramos*, 358 Or at 583-84. The trial court awarded the restitution and the defendant appealed. The defendant argued on appeal that those expenses were not awardable as restitution because, in civil law, attorney fees and litigation costs are "awarded pursuant to statute or contract

but not as an element of 'damages,'" a concept known as the "American Rule." *Id.* at 599; *see also Bush v. City of Prineville (A165637)*, 301 Or App 674, 679-80, 457 P3d 324 (2020) ("As a general rule, the prevailing party in a legal proceeding is not entitled to an award of attorney fees unless the award is authorized by statute or contract.").

In determining whether those costs could properly be awarded as restitution, the court first affirmed the general principle that "economic damages," as that term is used in the restitution context, is limited to the type of damages that would be recoverable in a civil action. *Ramos*, 358 Or at 592. Applying that limiting principle to the victim's litigation costs, the court in *Ramos* concluded that a victim's costs in presenting testimony in a criminal proceeding arising from a defendant's criminal conduct are analogous to a plaintiff having incurred litigation expenses with a third party due to a defendant's tortious conduct. *Id.* at 600-01. The court observed that, when a defendant's conduct requires a plaintiff to incur fees and costs in third-party litigation, those expenses can be awarded as damages in a plaintiff's subsequent independent suit against a defendant. *Id.* at 601. In other words, the court concluded that, even assuming that the American Rule applied in criminal restitution proceedings, the American Rule did not apply to bar the state from seeking restitution for the victim's investigators' fees because that rule limited the recovery of litigation expenses incurred within the *same* action in which they were incurred. *Id.* at 602. It did not apply to bar the recovery of litigation expenses that the victim incurred in an earlier action that the victim seeks to recover as a plaintiff in a new tort action. *Id.*

In making the above comparison, the court looked to the *Restatement (First) of Torts* section 914 (1939), which includes the limiting principle that the third-party litigation expenses be "reasonably necessary."[3]

---

[3] The commentary to the *Restatement* illustrates the following examples of such litigation costs.

"1.  With knowledge of their source, A sells stolen goods to B who believes A to be the owner. B is arrested, but not convicted, on the charge of having received the stolen goods with knowledge that they were stolen. He is also sued for conversion by the true owner. B is entitled to the amount which he

> "'A person who through the tort of another has been required to act in the protection of his interests by bringing or defending an action against a third person is entitled to recover compensation for the *reasonably necessary* loss of time, attorney fees and other expenditures thereby suffered or incurred.'"

*Id*. at 601 (quoting *Osborne v. Hay*, 284 Or 133, 141 n 1, 585 P2d 674 (1978) (emphasis added)).

In an opinion issued the same day as *Ramos*, the Supreme Court applied the rationale from *Ramos* in the context of the state's request for restitution for a victim's lost wages when the victim was subpoenaed to appear at the defendant's criminal trial and subsequent restitution hearing. *Kirschner*, 358 Or at 608-09. As to the victim's lost wages for attending the defendant's criminal trial, the court summarily stated that the "reasoning in *Ramos* fully addresses [that] category of the challenged lost wages." *Id*. at 609. The court affirmed the trial court's award of restitution for those expenses. *Id*. The court more carefully considered whether the same reasoning applied to the victim's lost wages when he was subpoenaed to appear at the restitution hearing. In weighing the arguments, the court stated as follows:

> "In considering defendant's argument that we apply the American Rule to this second category of lost wages, we think it significant that the victim was subpoenaed to testify as a witness for the state. The victim lost wages because he was required to respond to that subpoena, not because he made an independent decision to attend the hearing to protect his interests. In that circumstance, the rationale that underlies the American Rule does not apply, and we will not rely on that rule to preclude an award of

---

reasonably expends in defense of both the tort and the criminal proceedings and in satisfaction of any judgment against him.

"2. A, fraudulently purporting to be an agent for B, contracts with C who, upon B's failure to perform and in the belief that B is liable, brings unsuccessfully a suit against B. C is entitled to damages from A for the cost of the proceeding.

"3. A, who is B's agent, collects money due from C to B. Later A represents to B that C did not pay him and B brings suit against C for the amount supposed to be due. B is entitled to receive from A the expenses of suit as well as the amount received by A."

*Restatement (First) of Torts* § 914 comment a (1939).

restitution. Although the victim may not have been able to recover such wages if he had brought a tort action against the defendant and testified in the trial of that action, the victim was serving a different role when he was subpoenaed to attend the restitution hearing. The victim was required by the subpoena issued by the state to attend the restitution hearing as a witness. If we were to apply the American Rule by analogy in that circumstance, we would fail to recognize that restitution is a criminal sanction that is sought by the state, not by the victim. *See* ORS 137.106(1)(a) ('the District Attorney shall investigate and present to the court \*\*\* evidence of the nature and amount of the damages')."

*Id.* at 609-10.

Defendant relies heavily on the above passage from *Kirschner* to contrast a victim who appears "voluntarily" with one who appears under subpoena. We understand defendant's argument to be that, because the victim in this case was not under a subpoena for the hearings at issue, her attendance was unnecessary and thus her lost wages for attending those hearings would not be awardable as restitution. In other words, defendant argues in favor of a categorical rule that relies on the distinction between a victim who appears under a subpoena and one who appears without a subpoena.

At the outset, we do not find support for such a categorical rule. The Supreme Court has held that a victim's expenses incurred in a criminal proceeding are, in some circumstances, awardable as restitution when they are also recoverable by the victim when acting as a plaintiff seeking those expenses in a separate civil case. *Ramos*, 358 Or at 602-03. A victim's lost wages for testifying at a defendant's criminal trial are such a circumstance. *Kirschner*, 358 Or at 609-10. Although it is true that the victim in *Kirschner* appeared pursuant to a subpoena, neither *Kirschner* nor *Ramos* indicate that it would be improper to award restitution for lost wages to a victim who testifies without being under a subpoena.

The reasoning in *Kirschner* that defendant cites merely extends the analogy of third-party litigation expenses to restitution when a victim testifies at a restitution hearing.

The court in *Kirschner* considered whether a victim's lost wages for appearing at a restitution hearing were analogous to third-party litigation expenses that would be recoverable in separate civil litigation brought by the victim against the defendant, having summarily decided that such a comparison was appropriate when the victim appeared to testify at the defendant's criminal trial. The court concluded that, because "restitution is a criminal sanction that is sought by the state, not by the victim," the victim is, in effect, not being awarded litigation expenses that were incurred in the same underlying action, which may be barred by the American Rule, but recovering expenses that were incurred in a separate restitution proceeding brought by the state. *Id*. at 610. In other words, because the victim was not attending to "protect his interests," the victim's presence was more akin to a plaintiff who appears in third-party litigation caused by a defendant than a plaintiff who pursues a defendant directly. *Id.* at 609. Defendant's proposed categorical rule would permit such restitution for only those victims who appear under subpoena. Such a categorical rule is not supported by *Kirschner*.

Defendant's argument that at least some of the victim's expenses were unnecessary is, however, well taken. For a plaintiff to recover as damages litigation expenses for lost wages that were incurred when the plaintiff attended a *prior* judicial proceeding caused by a defendant's conduct, the plaintiff's lost wages must, among other things, have been "reasonably necessary."[4] *See Restatement* § 914 ("A person who through the tort of another has been required to act in the protection of his interests by bringing or defending an action against a third person is entitled to recover compensation for the *reasonably necessary loss of time*, attorney fees and other expenditures thereby suffered or incurred." (Emphasis added.)). The Supreme Court in *Ramos* relied

---

[4] To be recoverable as restitution, the attorney fees and litigation costs that a victim incurs in connection with an underlying criminal proceeding must also "result from a defendant's criminal activity in the but-for sense" and be a "reasonably foreseeable result of the defendant's criminal activities." *Ramos*, 358 Or at 603 (internal quotation marks omitted). Defendant does not contend on appeal that the state did not meet its burden as to those elements in the trial court, nor does defendant otherwise raise any argument with respect to causation and reasonable foreseeability. We, therefore, do not discuss them.

upon *Restatement* section 914 when it rejected the defendant's argument that attorney fees and litigation expenses were not recoverable in a civil action as economic damages. 358 Or at 600-01;[5] *see also Montara Owners Assn. v. La Noue Development, LLC*, 357 Or 333, 362 n 16, 353 P3d 563 (2015) (noting that "Oregon has relatively little case law on the requirements that must be met" to prevail on such an attorney fee claim, but quoting one treatise that includes as an element that "'the fees and expenses which were incurred were the natural and necessary consequences of the defendant's act, since remote, uncertain, and contingent consequences do not afford a basis for recovery; in other words, the attorneys' fees sought to be recovered must have been proximately and necessarily caused by the act complained of'" (quoting Robert Rossi, 1 *Attorneys' Fees* § 8:3, 10-13 (3d ed 2014))).

In this case, the trial court acknowledged that the victim's presence at the two pretrial hearings was unnecessary. The victim attended on the chance that defendant would enter a plea, that defendant would be sentenced at that hearing, and that the victim would have the opportunity to be heard at sentencing pursuant to her right as a crime victim. *See* Or Const, Art I, § 42(1)(a) (granting crime victims the right "to be heard at *** the sentencing or juvenile court delinquency disposition"). The victim did not receive any indication by the district attorney that defendant intended to enter a plea at either of those hearings. As the trial court acknowledged, had defendant entered a plea at either of the pretrial hearings without the victim's presence, sentencing could have been deferred to a later date. Indeed, in the event that a plea had been entered and the court proceeded to sentencing without the victim, she likely would have been entitled to a new sentencing hearing. *See*

---

[5] Defendant asserts that the restitution statutes provide the legal basis for the requirement that a victim's lost wages be reasonably necessary. *See* ORS 31.710(2)(a) ("'Economic damages' means objectively verifiable monetary losses including but not limited to reasonable charges necessarily incurred for *** loss of income."). The state accepts that interpretation of the restitution statutes and argues only that the victim's lost wages here were necessary. Because the parties do not argue the issue, and because we find that civil law generally requires reasonable necessity for damages resulting from third-party litigation expenses, we need not decide whether the phrase "reasonable charges necessarily incurred" applies to "loss of income" as it appears in ORS 31.710.

*State v. Barrett*, 350 Or 390, 407, 255 P3d 472 (2011) (holding a proper remedy for violation of the victim's Article I, section 42, of the Oregon Constitution right to be heard at sentencing was to vacate the defendant's sentence and hold a new sentencing hearing). It was not necessary for the victim to appear at three different hearings, including two pretrial hearings, to provide one victim impact statement at sentencing. In light of the above circumstances, the victim's voluntary attendance at the two pretrial hearings was not necessary, and the trial court erred in awarding restitution for her lost wages for those days.

The same cannot be said for the victim's attendance at the sentencing hearing, however. The record reflects that the victim attended the sentencing hearing to give her victim impact statement. Defendant argues that the victim could have given her statement at the end of trial, instead of taking another day off work to appear for the sentencing hearing. However, the trial ended around approximately 5:30 p.m. It was the trial court's prerogative to schedule the sentencing hearing for a later date. In turn, the victim had a constitutional right to be heard *at sentencing*, not at the other times. The trial court did not err in awarding restitution for wages that the victim lost when she attended the sentencing hearing.

In summary, we conclude that the trial court erred in imposing restitution for the victim's lost wages in attending two pretrial hearings. We also conclude that the trial court did not err in imposing restitution for the victim's lost wages in attending the sentencing hearing. Therefore, we reverse the supplemental judgment in part, remand to the trial court to recalculate the proper amount of victim restitution in keeping with this opinion, and otherwise affirm.

In Case No. 18CR40463, supplemental judgment reversed in part; remanded for resentencing; otherwise affirmed. In Case No. 18CR20896, affirmed.