No. 412          June 20, 2024          297

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

HEATHER RENEE BROWN,
*Defendant-Appellant.*

Washington County Circuit Court
22CR18041; A179676

Oscar Garcia, Judge.

Submitted April 29, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Shawn Wiley, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and E. Nani Apo, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Defendant appeals from a supplemental judgment imposing restitution, challenging the portion of the restitution that awarded the victim's lost wages. She argues (1) that the lost wages were not necessarily incurred as a consequence of defendant's criminal activity, and (2) that there was insufficient evidence that the victim's use of paid vacation leave constituted an economic loss. We review for legal error. *State v. Venable*, 316 Or App 235, 236, 502 P3d 250 (2021), *rev den*, 369 Or 338 (2022). For the following reasons, we affirm.

Defendant pleaded guilty to misdemeanor unauthorized use of a vehicle (UUV) after she unlawfully drove the victim's stolen Subaru. At a restitution hearing, the victim testified that she discovered her Subaru stolen just after she had dropped her second car off at the body shop for repairs. Consequently, until those repairs were complete, the victim was without either of her cars. The victim needed a car for her work. Rather than rent a car, she used four days of vacation leave while she awaited the body-shop repairs. The state sought and the court awarded $784.32 in restitution for the victim's four days of missed work.

First, defendant argues that those lost wages were not "necessarily incurred," as required by ORS 137.106[1] and ORS 31.705(2)(a),[2] because the victim did not have to miss work—she could have rented a car. But defendant concedes that "the cost of a four-day car rental could have been imposed as restitution as an economic cost resulting from defendant's criminal activities." The state responds that, due to defendant's criminal conduct, the victim was forced to choose between two possible economic losses—lost wages or the cost of a rental car. And just because the victim chose one option over the other does not mean that the chosen option was any less of a "necessarily incurred" loss.

---

[1] Among other things, ORS 137.106 requires a court to enter a judgment "requiring that the defendant pay the victim restitution in a specific amount that equals the full amount of the victim's economic damages as determined by the court."

[2] As relevant here, ORS 31.705(2)(a) defines "economic damages" to mean "objectively verifiable monetary losses including but not limited to * * * necessarily incurred costs due to loss of use of property." *See* ORS 137.103(2) (defining the term "economic damages" used in ORS 137.106 by reference to ORS 31.705).

We agree with the state. This is not a case where the victim simply chose to incur an optional cost. *Cf. State v. Nichols*, 306 Or App 189, 200-01, 473 P3d 1145 (2020) (holding that the victim's lost wages to attend certain pretrial hearings was not compensable as restitution because their presence was not necessary). As a consequence of defendant's criminal conduct, the victim had to choose to spend money on a rental car or to use her paid time off. The victim's use of her vacation time would not have been incurred in the absence of defendant's criminal conduct. *See State v. Page*, 330 Or App 672, 677, 544 P3d 421 (2024) (holding that the trial court properly awarded restitution for the cost of repainting an entire house instead of just the two damaged walls when the expense of repainting and matching all of the exterior walls would not have happened in the absence of defendant's crime). As the state also points out, to the extent that renting a car may have allowed the victim to mitigate some of her economic loss, it was defendant who bore the burden to prove that failure to mitigate. *See State v. Rock*, 280 Or App 432, 437-38, 380 P3d 1084 (2016) (noting that a party cannot recover for losses that could have been reasonably avoided, but the party that caused the damage bears the burden to prove a failure to mitigate loss).

Second, defendant argues that the state failed to establish that the victim's use of her vacation leave constituted an economic loss because the state did not establish that the vacation leave was a finite resource, such that using that leave deprived the victim of the opportunity to use it later or to receive compensation for unused leave. We conclude that defendant failed to preserve that argument, and she has not asked us to review for plain error. Therefore, we decline to do so. *See State v. Ardizzone*, 270 Or App 666, 673, 349 P3d 597, *rev den*, 358 Or 145 (2015) ("[W]e ordinarily will not proceed to the question of plain error unless an appellant has explicitly asked us to do so because it is incumbent upon the appellant to explain to us why an error satisfies the requisites of plain error and, further, why we should exercise our discretion to correct that error." (Internal quotation marks omitted.)).

Affirmed.